UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax 609-348-6834

**WHITE & CASE LLP**
John K. Cunningham, Esq. (admitted *pro hac vice*)
Richard S. Kebrdle, Esq. (admitted *pro hac vice*)
Kevin M. McGill, Esq. (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>                  Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Joint Administration Requested<br><br>**Re: Docket No. 16, 352** |

**THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362,
363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING
THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR
PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS,
(III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO
PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND
MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING**

The relief set forth on the following pages 2 through 72 is hereby ORDERED:

    Upon the motion, dated June 19, 2014 (the "Motion"), of Revel AC, Inc. ("Revel AC" or

the "DIP Borrower") and the other above-captioned debtors and debtors-in-possession

[1]
NEWYORK 9321297 (2K)

**DATED: 9/4/2014**

Gloria M. Burns, Chief Judge
United States Bankruptcy Court Judge

| | |
|---|---|
| Debtor: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

(collectively, the "Revel Entities" or the "Debtors") in the above-captioned Chapter 11 cases (the "Cases"), for the entry of an interim order (as amended herein, this "Interim DIP Order") and, as applicable, the Final DIP Order (defined below) (A) authorizing the Debtors to (I) obtain postpetition priming secured superpriority financing pursuant to Sections 361, 362, and 364 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), (II) grant liens and superpriority claims to the DIP Secured Parties (defined below) pursuant to Section 364 of the Bankruptcy Code, (III) use cash collateral of the Prepetition Secured Parties (defined below) pursuant to Section 363 of the Bankruptcy Code, and (IV) provide adequate protection to the Prepetition Secured Parties pursuant to Sections 361, 362, 363, and 507 of the Bankruptcy Code, and (B) prescribing the form and manner of notice of, and scheduling, a final hearing on the Motion pursuant to Rule 4001(b) and (c) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), the Debtors seek, among other things, the following relief:

(i) the Court's authorization, pursuant to Sections 364(c)(1), (2), (3) and (d)(1) of the Bankruptcy Code, for the DIP Borrower (a) to obtain post-petition financing consisting of a senior secured priming superpriority revolving credit facility (the "DIP Facility"), with Wells Fargo Bank, N.A. ("Wells Fargo"), as administrative agent and collateral agent (in such capacities, respectively, the "DIP Administrative Agent" and "

*Approved by Judge Gloria M. Burns September 04, 2014*

Caption of Order:        THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

DIP Collateral Agent," and collectively, the "DIP Agent"), Wells Fargo Bank, N.A. as

letter of credit issuer (in such capacity, the "DIP Issuing Bank") and Wells Fargo

Principal Lending, LLC and such other lenders from time to time party thereto (the "DIP

Lenders"), pursuant to the Debtor-in-Possession Credit Agreement attached as Exhibit A

to the Interim DIP Order entered July 30, 2014 [Docket No. 352] (as amended hereby,

and hereafter amended, supplemented or otherwise modified from time to time, the "DIP

Credit Agreement"),[2] and together with this Interim DIP Order, the Final DIP Order, and

all other agreements, documents and instruments delivered or executed in connection

therewith, as hereafter amended, supplemented or otherwise modified from time to time,

including the DIP Budget (defined below) (collectively, the "DIP Loan Documents"), and

(b) obtain cash advances and other extensions of credit thereunder (i) during the period

(the "Interim Period") from the date hereof through and including the earlier to occur of

(x) the date of entry of the Final DIP Order by this Court and (y) the Termination Date

(defined below), in the aggregate principal amount of $25,000,000 plus an amount equal

to the aggregate amount necessary to fund all Roll-Up Borrowings required during the

Interim Period in accordance with the DIP Loan Documents and (ii) upon entry of the

Final DIP Order and thereafter until the Termination Date, in each case at any time

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:       RCS Capital, Inc.
Case No.:     14-22654 (GMB)
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

outstanding, an aggregate principal amount not to exceed $41,900,000 (inclusive of

amounts advanced or otherwise extended prior to entry of the Final DIP Order) plus an

amount equal to the aggregate amount necessary to fund all Roll-Up Borrowings required

upon entry of the Final DIP Order in accordance with the DIP Loan Documents (all

financial accommodations and extensions of credit under the DIP Credit Agreement and

the DIP Facility, the "DIP Extensions of Credit");

   (ii) the Court's authorization for each of the Debtors other than the DIP

Borrower (together with any other entities that become guarantors under the DIP Loan

Documents, the "DIP Guarantors," and together with the DIP Borrower, the "DIP Loan

Parties") to jointly and severally guarantee on a secured basis the DIP Borrower's

obligations in respect of the DIP Facility;

   (iii) the Court's authorization for each of the DIP Loan Parties to execute the

DIP Credit Agreement and the other DIP Loan Documents to which it is a party and to

perform such other and further acts as may be necessary or appropriate in connection

therewith;

   (iv) the Court's authorization for the Debtors to use the DIP Extensions of

Credit solely in accordance with the proposed budget (subject to variances permitted

Approved by Judge Gloria M. Burns September 04, 2014

(Page 4)
Case No.: 14-22654-GMB   Doc 585   Inc Filed 09/04/14   Entered 09/04/14 13:47:00   Desc Main
Case No.:          14-22654 (GMB)   Page 5 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

under the DIP Credit Agreement) prepared by the Debtors and annexed hereto as <u>Exhibit</u>

<u>A</u> (as updated from time to time pursuant to the DIP Loan Documents, which budget is

hereby approved through September 15, 2014, the "<u>DIP Budget</u>"), and as otherwise

provided herein and in the other DIP Loan Documents, including to refinance certain

indebtedness outstanding under the Prepetition First Lien Credit Agreement (defined

below);

(v)     the Court's authorization to grant to the DIP Agent for the benefit of the

DIP Lenders, the DIP Issuing Bank and the other secured parties under the DIP Loan

Documents (collectively, the "<u>DIP Secured Parties</u>"), in respect of the DIP Obligations

(defined below), (A) pursuant to Section 364(c)(1) of the Bankruptcy Code, a

superpriority administrative claim; (B) pursuant to Section 364(c)(2) of the Bankruptcy

Code, first-priority liens on, and security interests in, all DIP Collateral (defined below)

that is not subject to a valid, perfected, and non-avoidable lien in existence on the

Petition Date (defined below); (C) pursuant to Section 364(c)(3) of the Bankruptcy Code,

junior liens on, and security interests in, certain DIP Collateral; and (D) pursuant to

Section 364(d)(1) of the Bankruptcy Code, the Priming Liens (defined below);

(vi)     the Court's authorization to pay the principal, interest, fees, expenses,

*Approved by Judge Gloria M. Burns September 04, 2014*

Case No.: 14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

disbursements, and other amounts payable under the DIP Loan Documents as such amounts become due and payable;

(vii)    the Court's authorization to use the Prepetition Secured Parties' "cash collateral" as such term is defined in Section 363 of the Bankruptcy Code (the "Cash Collateral");

(viii)    the Court's authorization to grant, as of the Petition Date (defined below), adequate protection to the Prepetition Secured Parties, solely to the extent of, and in an aggregate amount equal to, any Diminution in Value (defined below) of their respective interests in any Prepetition Collateral (defined below), and to make payments of interest, fees and expenses to the Prepetition First Lien Agent and the Prepetition First Lien Lenders (each as defined below),  in each case, as set forth more fully below and subject to the Carve-Out;

(ix)    the modification by the Court of the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Facility, this Interim DIP Order and the other DIP Loan Documents;

(x)    the scheduling by the Court of a final hearing (the "Final Hearing") to

(Page 6)
Case No.: 22654-GMB Doc 585 Inc. Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:           14-22654 (GMB) Document    Page 7 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

consider entry of an order (the "Final DIP Order," and together with the Interim DIP

Order, the "DIP Orders") granting the relief requested in the Motion on a final basis and

approving the form of notice with respect to the Final Hearing and the transactions

contemplated by the Motion;

(xi)     the approval of a Final DIP Order granting the relief requested in the

Motion on a final basis; and

(xii)    the Court's waiving of any applicable stay (including under Bankruptcy

Rule 6004) and providing for the immediate effectiveness of this Interim DIP Order.

The Court having considered the Motion, the terms of the DIP Facility and the DIP Loan

Documents, the Declaration of Shaun Martin, sworn to on June 19, 2014 in Support of the First

Day Motions, the Declaration of Barak Klein, sworn to on June, 19, 2014 in support of the

Motion, and the evidence submitted at the interim hearing held before this Court on June 20,

2014, to consider entry of this Interim DIP Order (the "Interim Hearing"); and in accordance

with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014 and the local rules of the Court, due

and proper notice of the Motion and the Interim Hearing having been given; and it appearing that

approval of the interim relief requested in the Motion is necessary to avoid immediate and

irreparable harm to the Debtors pending the Final Hearing, and is otherwise fair and reasonable

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | ACG 501 Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

and in the best interests of the Debtors, their creditors and estates, and essential for the continued operation of the Debtors' businesses; and, subject to the terms hereof, the Court having determined that there is adequate protection of the liens of the Prepetition Secured Parties; and all objections, if any, to the entry of this Interim DIP Order having been withdrawn, resolved or overruled by the Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**Petition Date.** On June 19, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Cases.

C. **Jurisdiction and Venue.** The Court has jurisdiction over these proceedings, pursuant to 28 U.S.C. § 1334. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Cases and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. [8]

(Page 8)
Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:                14-22654 (GMB)    Page 9 of 81
Debtor:                  AerolCast, Inc.
Document
Caption of Order:        THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                         361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                         RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                         PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                         POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                         AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                         USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                         PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                         PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                         SCHEDULING FINAL HEARING

D.    **Committee Formation.**  On July 2, 2014, the Office of the United States Trustee

appointed an official committee of unsecured creditors in the Cases (the "Committee").  The

parties have agreed to the continuation of the Interim DIP Order entered June 20, 2014 on an

interim basis from time to time and to carry the hearing for final approval of the relief sought by

the Debtors.  In connection with the Final Hearing, the Committee served information discovery

demands upon the Debtors and DIP Lender on July 11, 2014 and, thereafter, on July 18, 2014,

the Committee served the following discovery demands (collectively, the "DIP Discovery

Demands"):   (i) Combined Subpoena and First Request to the Debtors for Production of

Documents, (ii) Notice of Deposition in Contested Matter to Shaun Martin, (iii) Subpoena to

Produce Documents to Wells Fargo Bank, N.A., and (iv) Subpoena for Deposition to Barak

Klein of Moelis & Company.  The parties have agreed to carry the DIP Discovery Demands

based on the various extensions of the Final Hearing date.

E.    **Notice.**  Notice of the Interim Hearing and the relief requested in the Motion has

been provided by the Debtors, by electronic mail, facsimile, hand delivery or overnight delivery

to the following parties and/or their respective counsel as indicated below:  (a) the Office of the

United States Trustee for the District of New Jersey; (b) the DIP Agent and its counsel; (c)

counsel to the Prepetition First Lien Lenders; (d) JPM, in its capacity as administrative agent and

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

collateral agent for the Prepetition First Lien Lenders (in such capacities, the "Prepetition First Lien Agent"); (e) counsel to the Prepetition Second Lien Lenders (defined below); (f) Wilmington Trust, National Association, in its capacity as administrative agent and collateral agent for the Prepetition Second Lien Lenders (in such capacities, the "Prepetition Second Lien Agent," and together with the Prepetition First Lien Agent, the "Prepetition Agents"); (g) Revel AC's thirty (30) largest unsecured creditors on a consolidated basis (including counsel if known); (h) all parties requesting notices pursuant to Bankruptcy Rule 2002; (i) the Office of the Attorney General for the State of New Jersey; (j) the New Jersey Division of Gaming Enforcement; (k) the New Jersey Casino Control Commission; (l) the Office of the Governor for the State of New Jersey; (m) the United States Attorneys' Office for the District of New Jersey; (n) the United States Attorney General; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) holders of Permitted Liens (as defined in the Prepetition First Lien Credit Agreement); (r) the applicable state and local taxing authorities; and (s) U.S. Bank National Association, as Rights Agent and Collateral Agent, in connection with that certain Second Lien Note Claim Contingent Payment Rights Agreement, dated May 21, 2013 (collectively, the "Notice Parties"). Given the nature of the relief requested in the Motion, such notice of the Interim Hearing and the relief requested in the Motion constitutes due, sufficient

*Approved by Judge Gloria M. Burns September 04, 2014*

| | |
|---|---|
| Debtor: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

and appropriate notice and complies with the Bankruptcy Code, the Bankruptcy Rules, the local

rules of the Court, and any other applicable law, and no further notice relating to this proceeding

and the hearing on this Motion is necessary or required.

F.    **Prepetition Indebtedness.**

*(i)    Prepetition First Lien Facilities.*  Prior to the Petition Date, pursuant to the

terms and conditions set forth in (a) the Amended and Restated First-Lien Credit

Agreement, dated as of November 8, 2013 (as the same has been amended,

supplemented, modified, extended, renewed, restated and/or replaced, the "Prepetition

First Lien Credit Agreement"), by and among Revel AC, the other Revel Entities, as

guarantors (collectively, the "Subsidiary Guarantors"), the lenders party thereto (the "

Prepetition First Lien Lenders"), JPM, in its capacity as a letter of credit issuing bank,

and the Prepetition  First Lien Agent; and (b) all other agreements, documents and

instruments executed and/or delivered with, to or in favor or for the benefit of the

Prepetition First Lien Lenders or the Prepetition First Lien Agent in connection with the

Prepetition First Lien Credit Agreement, including, without limitation, the Loan

Documents (as defined in the Prepetition First Lien Credit Agreement), the Intercreditor

Agreement, dated as of May 21, 2013 (as the same has been amended, supplemented,

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

modified, extended, renewed, restated and/or replaced, the "Intercreditor Agreement") to

which the Prepetition Agents are parties, all security agreements, notes, guarantees,

mortgages, Uniform Commercial Code financing statements and all other related

agreements, documents and instruments (all the foregoing, together with the Prepetition

First Lien Credit Agreement, as all of the same have been supplemented, modified,

extended, renewed, restated and/or replaced, collectively, the "Prepetition First Lien

Financing Documents"), the Prepetition First Lien Lenders:

(a)         agreed to extend a senior secured first-out revolving credit

facility and participate in letters of credit to Revel AC in the aggregate principal

committed amount of up to $25 million (the "Prepetition Tranche A-1 Revolving

Credit Facility");

(b)         agreed to extend a senior secured next-out revolving credit

facility and participate in letters of credit to Revel AC in the aggregate principal

committed amount of up to $75 million (the "Prepetition Tranche A-2 Revolving

Credit Facility," and together with the Prepetition Tranche A-1 Revolving Credit

Facility, the "Prepetition Revolving Credit Facilities"); and

(c)         agreed to extend to Revel AC a senior secured last-out term

*Approved by Judge Gloria M. Burns September 04, 2014*

(Page 12)
Case No.: 14-22654-GMB  Doc 585  Filed 09/04/14  Entered 09/04/14 13:47:00  Desc Main
Case No.:                14-22654 (GMB)  Document      Page 13 of 81
Caption of Order:        THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                         361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                         RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                         PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                         POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                         AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                         USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                         PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                         PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                         SCHEDULING FINAL HEARING

loan facility, in an aggregate outstanding principal amount of $50 million (the "Prepetition Tranche B Term Loan Facility," and together with the Prepetition Revolving Credit Facilities, the "Prepetition First Lien Facilities").

(ii)    *Prepetition Second Lien Term Loan.*  Prior to the Petition Date, pursuant to the terms and conditions set forth in (a) the Second-Lien Credit Agreement, dated as of May 21, 2013 (as the same has been amended, supplemented, modified, extended, renewed, restated and/or replaced, the "Prepetition Second Lien Credit Agreement," and together with the Prepetition First Lien Credit Agreement, the "Prepetition Credit Agreements"), by and among Revel AC, the Subsidiary Guarantors, the lenders party thereto (the "Prepetition Second Lien Lenders," and together with the Prepetition First Lien Lenders, the "Prepetition Lenders"), and the Prepetition Second Lien Agent; and

(b) all other agreements, documents and instruments executed and/or delivered with, to or in favor of or for the benefit of the Prepetition Second Lien Lenders or the Prepetition Second Lien Agent in connection with the Prepetition Second Lien Credit Agreement, including, without limitation, the Loan Documents (as defined in the Prepetition Second Lien Credit Agreement), the Intercreditor Agreement, all security agreements, notes, guarantees, mortgages, Uniform Commercial Code financing

*Approved by Judge Gloria M. Burns September 04, 2014*

(Page 13)
Case No.: 14-22654-GMB Doc 585 Inc. Filed 09/04/14 Entered 09/04/14 13:47:00 Desc Main
Case No.: 14-22654 (GMB) Document Page 14 of 81
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

statements and all other related agreements, documents and instruments, including any fee letters, executed and/or delivered in connection therewith or related thereto (all the foregoing, together with the Prepetition Second Lien Credit Agreement, as all of the same have been supplemented, modified, extended, renewed, restated and/or replaced at any time prior to the Petition Date, collectively, the "Prepetition Second Lien Financing Documents," together with the Prepetition First Lien Financing Documents, the " Prepetition Financing Documents"), the Prepetition Second Lien Lenders agreed to extend to Revel AC a second lien term loan in an aggregate outstanding principal amount of $275 million (the "Prepetition Second Lien Term Loan").

(iii)    *Subsidiary Guarantors.*    In Article VII of each Prepetition Credit Agreement, the Subsidiary Guarantors agreed, jointly and severally, as primary obligors and not as sureties, to guarantee to each Secured Party (as defined in the respective Prepetition Credit Agreements) the prompt payment in full when due of the applicable Guaranteed Obligations (as defined in the respective Prepetition Credit Agreements).

(iv)    *Prepetition First Liens.*    Pursuant to those certain Security Documents (as such term is defined in the Prepetition First Lien Credit Agreement, the "Prepetition First Lien Security Documents"), each Revel Entity granted to the Prepetition First Lien Agent

*Approved by Judge Gloria M. Burns September 04, 2014*

(Page 14)
Case 14-22654-GMB  Doc 585  Filed 09/04/14  Entered 09/04/14 13:47:00  Desc Main
Case No.:              14-22654 (GMB) Document      Page 15 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

for the benefit of the Prepetition First Lien Agent, the Prepetition First Lien Lenders and the other Secured Parties (as such term is defined in the Prepetition First Lien Credit Agreement) (collectively, the "Prepetition First Lien Secured Parties") as security for the First Lien Prepetition Obligations (defined below), a first-priority security interest in and continuing lien (the "Prepetition First Liens") on the Collateral (as defined in the Prepetition First Lien Credit Agreement, the "Prepetition Collateral").

(v)      *Prepetition Second Liens*.  Pursuant to those certain Security Documents (as such term is defined in the Second Lien Credit Agreement, the "Prepetition Second Lien Security Documents" and together with the Prepetition First Lien Security Documents, the "Prepetition Security Documents"), each Revel Entity granted to the Prepetition Second Lien Agent for the benefit of the Prepetition Second Lien Agent, the Prepetition Second Lien Lenders and the other Secured Parties (as such term is defined in the Prepetition Second Lien Credit Agreement) (collectively, the "Prepetition Second Lien Secured Parties" and together with the Prepetition First Lien Secured Parties, the " Prepetition Secured Parties") as security for the Second Lien Prepetition Obligations (defined below), a second-priority security interest in and continuing lien (the " Prepetition Second Liens," and together with the Prepetition First Liens, the "Prepetition

*Approved by Judge Gloria M. Burns September 04, 2014*

Debtor: ABC Inc. et al.

Case No.: 14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

Liens") on the Prepetition Collateral.

(vi) *Intercreditor Agreement.* The relative rights to, and priority of the security interests in, the Prepetition Collateral between and among the Prepetition First Lien Secured Parties, and between and among the Prepetition First Lien Secured Parties, on the one hand, and the Prepetition Second Lien Secured Parties on the other, are set forth in the Intercreditor Agreement and in the Prepetition First Lien Credit Agreement. The Intercreditor Agreement and the intercreditor provisions in the Prepetition First Lien Credit Agreement remain in full force and effect.

G. **Acknowledgments as to Prepetition Obligations.** Without limiting the rights of a Committee (or any other party in interest with standing) as and to the extent set forth in paragraph 7 hereof, the Debtors permanently, immediately, and irrevocably acknowledge, represent, stipulate, and agree to the following:

(i) *Prepetition First Lien Obligations.* As of the Petition Date, the Debtors were indebted and liable to the Prepetition First Lien Agent and other Prepetition First Lien Secured Parties under the Prepetition First Lien Financing Documents in the aggregate principal amount of $137,753,739.15 with respect to the Prepetition First Lien Facilities, including (a) $10,000,000 with respect to the Prepetition Tranche A-1

NEWYORK 9321297 (2K)

(Page 16)
Case No.: Case 14-22654-GMB Roc 585  Inc. Case 1  Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:          14-22654 (GMB)  Document      Page 17 of 81
Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                   361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                   RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                   PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                   POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                   AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                   USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                   PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                   PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                   SCHEDULING FINAL HEARING

Revolving Credit Facility, (b) $75,000,000 with respect to the Prepetition Tranche A-2

Revolving Credit Facility (of which $73,100,000 is with respect to outstanding revolving

loans and $1,900,000 is with respect to the issued and undrawn Existing LC), (c)

$52,753,739.15 with respect to the Prepetition Tranche B Term Loan Facility (including

interest paid-in-kind and capitalized prior to the Petition Date), and (d) in connection

with each of the amounts in the foregoing clauses (a), (b) and (c), accrued (other than

interest paid-in-kind and capitalized prior to the Petition Date) and unpaid interest

thereon, and fees, expenses and all other obligations under the Prepetition First Lien

Financing Documents, including any attorneys' and other advisors' fees that are

chargeable or reimbursable under the Prepetition First Lien Financing Documents (such

obligations of the Debtors under the foregoing clauses (a) through (d), collectively, the "

First Lien Prepetition Obligations"). *(ii)      Second Lien Prepetition Obligations*.  As of

the Petition Date, the Debtors were indebted and liable to the Prepetition Second Lien

Agent and the Prepetition Second Lien Secured Parties under the Prepetition Second Lien

Financing Documents in the aggregate principal amount of (a) $310,000,000 (including

interest paid-in-kind and capitalized prior to the Petition Date), and (b) in connection

with the amount in the foregoing clause (a), accrued (other than interest paid-in-kind and

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | LCI Holding Company, Inc. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

capitalized prior to the Petition Date) and unpaid interest thereon, and fees, expenses and all other obligations under the Prepetition Second Lien Financing Documents, including any attorneys' and other advisors' fees that are chargeable or reimbursable under the Prepetition Second Lien Financing Documents (such obligations of the Debtors under the foregoing clauses (a) and (b), collectively, the "Second Lien Prepetition Obligations," and together with the First Lien Prepetition Obligations, the "Prepetition Obligations").

(iii)    *Enforceability, etc. of the First Lien Prepetition Obligations and Prepetition First Liens*.  The Prepetition First Lien Financing Documents and the First Lien Prepetition Obligations are (a) legal, valid, binding, and enforceable against each Debtor, and (b) not subject to any contest, attack, objection, reduction, disallowance, recoupment, defense, counterclaim, offset, subordination, re-characterization, avoidance or other claim, cause of action or other challenge of any kind or nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.  The Prepetition First Liens granted by the Debtors under the Prepetition First Lien Financing Documents to or for the benefit of the Prepetition First Lien Agent and the other Prepetition First Lien Secured Parties as security for the First Lien Prepetition Obligations encumber the Prepetition Collateral.  For the avoidance of doubt, the Prepetition Collateral includes

NEWYORK 9321297 (2K)

Debtor:          CDS/ABC, Inc. et al.

Case No.:        14-22654 (GMB)

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                     361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                     RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                     PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                     POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                     AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                     USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                     PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                     PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                     SCHEDULING FINAL HEARING

collateral in or upon which a lien or other security interest has been granted in favor or

for the benefit of the Prepetition First Lien Agent and the other Prepetition First Lien

Secured Parties in connection with, pursuant to, or under the Prepetition First Lien

Financing Documents that existed as of the Petition Date and, subject to Section 552 of

the Bankruptcy Code, postpetition proceeds, products, offspring, rents, and profits.  The

financing statements and other documents evidencing the Prepetition First Liens have

been properly entered into and/or filed or recorded, as applicable, and the Prepetition

First Liens properly perfected, including by control, under applicable non-bankruptcy

law, and are legal, valid, enforceable, non-avoidable, and not subject to contest,

avoidance, attack, offset, re-characterization, subordination or other challenge of any

kind or nature under the Bankruptcy Code, under applicable non-bankruptcy law or

otherwise.  As of the Petition Date, and without giving effect to this Interim DIP Order,

the Debtors are not aware of any liens or security interests having priority over the

Prepetition First Liens, except the Senior Third Party Liens (defined below).  The

Prepetition First Liens were granted to or for the benefit of the Prepetition First Lien

Agent and the Prepetition First Lien Secured Parties for fair consideration and reasonably

equivalent value, and were granted contemporaneously with the making of the loans

Approved by Judge Gloria M. Burns September  04, 2014

Debtor:        DBMG, Inc.
Case No.:      14-22654 (GMB)
Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                     361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                     RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                     PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                     POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                     AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                     USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                     PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                     PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                     SCHEDULING FINAL HEARING

and/or commitments and other financial accommodations secured thereby.

(iv) *Enforceability, etc. of the Second Lien Prepetition Obligations and*
*Prepetition Second Liens*.  The Prepetition Second Lien Financing Documents and the

Second Lien Prepetition Obligations are (a) legal, valid, binding, and enforceable against

each Debtor, and (b) not subject to any contest, attack, objection, reduction,

disallowance, recoupment, defense, counterclaim, offset, subordination,

re-characterization, avoidance or other claim, cause of action or other challenge of any

kind or nature under the Bankruptcy Code, under applicable non-bankruptcy law or

otherwise.  The Prepetition Second Liens granted by the Debtors under the Prepetition

Second Lien Financing Documents to or for the benefit of the Prepetition Second Lien

Agent and the other Prepetition Second Lien Secured Parties as security for the Second

Lien Prepetition Obligations encumber the Prepetition Collateral.  The financing

statements and other documents evidencing the Prepetition Second Liens have been

properly entered into and/or filed or recorded, as applicable, and the Prepetition First

Liens properly perfected, including by control, under applicable non-bankruptcy law, and

are legal, valid, enforceable, non-avoidable, and not subject to contest, avoidance, attack,

offset, re-characterization, subordination or other challenge of any kind or nature under

(Page 20)

Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Debtor:        A&P Inc. et al.
Case No.:       14-22654 (GMB)  Document      Page 21 of 81
Caption of Order:     THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                      361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                      RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                      PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                      POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                      AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                      USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                      PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                      PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                      SCHEDULING FINAL HEARING

the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.  As of the

Petition Date, and without giving effect to this Interim DIP Order, the Debtors are not

aware of any liens or security interests having priority over the Prepetition Second Liens,

except the Prepetition First Liens and the Senior Third Party Liens (defined below).  The

Prepetition Second Liens were granted to or for the benefit of the Prepetition Second

Lien Agent and the Prepetition Second Lien Secured Parties for fair consideration and

reasonably equivalent value, and were granted contemporaneously with the making of the

loans and/or commitments and other financial accommodations secured thereby.

    (v)    *No Claims, Causes of Action*.  As of the date hereof, the Debtors are not

aware of any claims or causes of action against any of the Prepetition First Lien Agent,

the Prepetition First Lien Secured Parties, the DIP Agent or the DIP Secured Parties with

respect to, in connection with, related to, or arising from the Prepetition First Lien

Financing Documents and/or the DIP Loan Documents that may be asserted by the

Debtors.

    H.    **Immediate Need for Postpetition Financing and Use of Cash Collateral.**  The

Debtors have requested immediate entry of this Interim DIP Order pursuant to Bankruptcy Rule

4001(b)(2) and (c)(2).  Good cause has been shown for entry of this Interim DIP Order.  An

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:      Revel AC, Inc., et al.
Case No.:    14-22654 (GMB)
Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
             361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
             RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
             PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
             POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
             AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
             USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
             PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
             PRESCRIBING FORM AND MANNER OF NOTICE OF AND
             SCHEDULING FINAL HEARING

immediate need exists for the Debtors to obtain funds and liquidity in order to continue

operations and to administer and preserve the value of their estates pending a restructuring

through a Chapter 11 plan or a sale of all or substantially all of the Debtors' assets and property

pursuant to an agreed restructuring or sale process.  The ability of the Debtors to finance their

operations, to preserve and maintain the value of the Debtors' assets and to maximize the return

for all creditors requires the availability of the DIP Facility and the use of Cash Collateral.  In the

absence of the availability of such funds and liquidity in accordance with the terms hereof, the

continued operation of the Debtors' businesses would not be possible, and serious and

irreparable harm to the Debtors and their estates and creditors would occur.  Further, the

possibility for a successful reorganization would be jeopardized in the absence of the availability

of funds in accordance with the terms of this Interim DIP Order.  Thus, the ability of the Debtors

to preserve and maintain the value of their assets and maximize the return for creditors requires

the availability of working capital from the DIP Facility and the use of Cash Collateral.

     I.       **No Credit Available on More Favorable Terms.**  The DIP Secured Parties have

agreed to extend credit solely on the terms set forth in this Interim DIP Order (and, subject to the

entry thereof, the Final DIP Order) and the other DIP Loan Documents.  The Debtors have been

unable to obtain postpetition financing on more favorable terms and conditions than those

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 22)
Case No.: 14-22654-GMB Doc 585 Filed 09/04/14 Entered 09/04/14 13:47:00 Desc Main
Case No.: 14-22654 (GMB) Document Page 23 of 81
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

provided in this Interim DIP Order, including (a) adequate unsecured credit allowable under

Bankruptcy Code Section 503(b)(1) as an administrative expense, (b) credit for money borrowed

with priority over any or all administrative expenses of the kind specified in Sections 503(b) or

507(b) of the Bankruptcy Code, (c) credit for money borrowed secured by a lien on property of

the estate that is not otherwise subject to a lien, or (d) credit for money borrowed secured by a

junior lien on property of the estate which is subject to a lien. The Debtors are unable to obtain

credit for borrowed money without granting the DIP Liens and the DIP Superpriority Claim

(defined below) to (or for the benefit of) the DIP Secured Parties.

J. **Use of Cash Collateral and Proceeds of the DIP Facility, DIP Collateral and
Senior Collateral**. All Cash Collateral, all proceeds of the Prepetition Collateral and the DIP

Collateral (defined below), including proceeds realized from a sale or disposition thereof, or

from payment thereon, and all proceeds of the DIP Facility (net of any amounts used to pay fees,

costs and expenses payable under this Interim DIP Order or the Final DIP Order) shall be used

and/or applied solely in accordance with the terms and conditions of this Interim DIP Order, the

DIP Budget (subject to variances permitted under the DIP Credit Agreement) and the other DIP

Loan Documents; provided, that, subject to the limitations set forth in the DIP Budget, up to

$50,000 in the aggregate of the proceeds of the DIP Facility, DIP Collateral, Prepetition

*Approved by Judge Gloria M. Burns September 04, 2014*

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

Collateral or Cash Collateral, may be used by any Committee to investigate the matters covered

in paragraph F above (such amount, the "Investigation Budget").

K.    **Adequate Protection for the Prepetition Secured Parties.**    The Prepetition First

Lien Agent and the Prepetition First Lien Secured Parties have negotiated in good faith regarding

the Debtors' use of the Prepetition Collateral (including the Cash Collateral) to fund the

administration of the Debtors' estates and continued operation of their businesses, in accordance

with the terms hereof.    The Prepetition First Lien Secured Parties under the Prepetition

Revolving Credit Facilities have agreed to permit the Debtors to use the Prepetition Collateral,

including the Cash Collateral, in accordance with the terms hereof and the DIP Budget (subject

to variances permitted under the DIP Credit Agreement) during the Interim Period, subject to the

terms and conditions set forth herein, including the protections afforded parties acting in "good

faith" under Section 363(m) of the Bankruptcy Code.    The Prepetition First Lien Agent and the

other Prepetition First Lien Secured Parties, as well as the Prepetition Second Lien Agent and the

other Prepetition Second Lien Secured Parties, are entitled to the adequate protection as and to

the extent set forth herein pursuant to Sections 361, 362 and 363 of the Bankruptcy Code.    Based

on the Motion and on the record presented to the Court at the Interim Hearing, the terms of the

proposed adequate protection arrangements and of the use of the Prepetition Collateral

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

(including the Cash Collateral) are fair and reasonable, reflect the Debtors' prudent exercise of business judgment and constitute reasonably equivalent value and fair consideration for the Prepetition Agents' consent thereto.

L.    **Section 552.** Subject to the entry of a Final DIP Order, in light of, as applicable, the subordination of certain of the Prepetition First Liens and the Adequate Protection Liens of the Prepetition First Lien Secured Parties to the DIP Liens and the Carve-Out, and the granting of the DIP Liens on the Prepetition Collateral, the Prepetition First Lien Agent and the Prepetition First Lien Secured Parties are each entitled to all of the rights and benefits of Section 552(b) of the Bankruptcy Code, and the Debtors shall not seek to apply the "equities of the case" exception under Section 552(b) of the Bankruptcy Code.

M.    **Extension of Financing.** The DIP Secured Parties have indicated a willingness to provide financing to the Debtors in accordance with the DIP Credit Agreement and the other DIP Loan Documents (including the DIP Budget), and subject to (i) the entry of this Interim DIP Order, (ii) the satisfaction (or waiver by the DIP Secured Parties) of the occurrence of certain conditions precedent set forth in the DIP Credit Agreement, and (iii) findings by this Court that such financing is essential to the Debtors' estates, that the DIP Secured Parties are good faith financiers, and that the DIP Secured Parties' claims, superpriority claims, security interests and

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:        RCS Capital, Inc.
Case No.:       14-22654 (GMB)
Caption of Order:        THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                         361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                         RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                         PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                         POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                         AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                         USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                         PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                         PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                         SCHEDULING FINAL HEARING

liens and other protections granted pursuant to this Interim DIP Order (and the Final DIP Order)

and the DIP Facility (including the DIP Superpriority Claim and the DIP Liens) will not be

affected by any subsequent reversal, modification, vacatur or amendment of, as the case may be,

this Interim DIP Order, the Final DIP Order or any other order, as provided in Section 364(e) of

the Bankruptcy Code.

     N.    **Business Judgment and Good Faith Pursuant to Section 364(e).**  The terms

and conditions of the DIP Facility, and the fees paid and to be paid thereunder, are fair,

reasonable, and the best available under the circumstances, reflect the Debtors' exercise of

prudent business judgment consistent with their fiduciary duties, and are supported by

reasonably equivalent value and consideration.  The DIP Facility was negotiated in good faith

and at arm's length among the Debtors, the DIP Agent and the other DIP Secured Parties.   Any

credit extended or other indebtedness or liabilities arising under, in respect of, or in connection

with the DIP Facility, this Interim DIP Order, or any other DIP Loan Document, shall be deemed

to have been extended in "good faith" by the DIP Lenders as that term is used in Section 364(e)

of the Bankruptcy Code, and in express reliance upon the protections afforded by Section 364(e)

of the Bankruptcy Code, and the DIP Lenders' claims, the DIP Superpriority Claim (as defined

below), the DIP Liens (as defined below), and the other protections granted pursuant to this

Debtor:             RCS Capital, Inc.
Case No.:           14-22654 (GMB)
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

Interim DIP Order (and, subject to entry by the Court, the Final DIP Order), and the other DIP

Loan Documents, shall be entitled to the full protection of Section 364(e) of the Bankruptcy

Code in the event that this Interim DIP Order or any portion hereof is vacated, reversed,

amended, or modified, on appeal or otherwise.

      O.    **Relief Essential; Best Interest.**  The relief requested in the Motion (and provided

in this Interim DIP Order) is necessary, essential and appropriate for the continued operation of

the Debtors' businesses and the management and preservation of the Debtors' assets and

property. It is in the best interest of the Debtors' estates that the Debtors be allowed to enter into

the DIP Facility, incur the DIP Obligations and use the Cash Collateral as contemplated herein.

Absent the relief granted herein, the Debtors' estates will be immediately and irreparably

harmed. Accordingly, good, adequate, and sufficient cause has been shown to justify the relief

granted herein and the immediate entry and effectiveness of this Interim DIP Order pursuant to

Bankruptcy Rules 4001(b) and (c).

      **NOW, THEREFORE,** upon the Motion and the record before this Court with

respect to the Motion, including the record made during the Interim Hearing, and with the

consent of the Debtors, the Prepetition Agents under the Prepetition Revolving Credit Facilities

and the other Prepetition Secured Parties under the Prepetition Revolving Credit Facilities, and

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

the DIP Agent and the other DIP Secured Parties, and good and sufficient cause appearing

therefor,

**IT IS ORDERED** that:

1.    **Motion Granted.**  The Motion is granted on an interim basis in accordance with

the terms and conditions set forth in this Interim DIP Order.  Any objections to the Motion with

respect to entry of this Interim DIP Order to the extent not withdrawn, waived or otherwise

resolved, and all reservation of rights included therein, are hereby denied and overruled.  Subject

to the terms hereof, this Interim DIP Order is valid immediately and is fully effective upon its

entry.

2.    **DIP Facility.**

(a)    **DIP Obligations, etc.**    The Debtors are expressly and immediately

authorized and empowered to enter into the DIP Facility and to incur and to perform the DIP

Obligations in accordance with and subject to this Interim DIP Order (and, upon its entry, the

Final DIP Order) and the other DIP Loan Documents, to execute and/or deliver all DIP Loan

Documents and all other instruments, certificates, agreements and documents related thereto, and

to take all actions, which may be reasonably required or otherwise necessary for the performance

by the Debtors under the DIP Facility, including the creation and perfection of the DIP Liens

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | ACAS, Inc. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

described and provided for herein.  The Debtors are hereby authorized and directed to pay all principal, interest, fees and expenses, indemnities and other amounts described herein and in the other DIP Loan Documents as such shall accrue and become due hereunder or thereunder, including, without limitation, the fees and expenses of the attorneys and financial and other advisors and consultants of the DIP Agent and the DIP Lenders as and to the extent provided for herein and in the other DIP Loan Documents (collectively, all loans, advances, extensions of credit, financial accommodations, fees, expenses and other liabilities and obligations in respect of DIP Extensions of Credit, the DIP Facility and the DIP Loan Documents, the "DIP Obligations").  The DIP Loan Documents and all DIP Obligations shall represent, constitute and evidence, as the case may be, valid and binding obligations of the Debtors, enforceable against the Debtors, their estates and any successors thereto in accordance with their terms.  The term of the DIP Facility shall commence on the date of entry of this Interim DIP Order and end on the date (such date, the "Termination Date") which is the earlier to occur of (i) the Scheduled Maturity Date or (ii) 3 business days after written notice (a "Default Notice") is provided to the Debtors, United States Trustee, and any Committee by the DIP Agent (such 3 business-day period, the "Default Notice Period") that an Event of Default has occurred and is continuing (subject to any applicable cure period in the DIP Loan Documents), in each case subject to the

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:           A.M. Castle & Co., Inc.

Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

terms and conditions set forth herein and in the other DIP Loan Documents.

(b)      **Authorization to Borrow, etc.**  Subject to the terms and conditions of this

Interim DIP Order and the other DIP Loan Documents (including the DIP Budget (subject to

variances permitted under the DIP Credit Agreement)), the DIP Borrower is hereby authorized to

borrow money and incur letter of credit reimbursement obligations under the DIP Facility during

the Interim Period, up to an aggregate principal amount of $25,000,000 of which $1,900,000 is

available only for issuance of letters of credit (and subject to a temporary increase in LC

Exposure (as defined in the DIP Credit Agreement) pursuant to Section 2.18(a) of the DIP Credit

Agreement), which shall be used solely as provided in this Interim DIP Order and the other

applicable DIP Loan Documents, including the DIP Budget, plus an amount equal to the

aggregate amount necessary to fund all Roll-Up Borrowings required during the Interim Period

in accordance with the DIP Loan Documents.  The DIP Guarantors are hereby authorized to

unconditionally guarantee, on a joint and several basis, repayment of the DIP Obligations as set

forth in the DIP Loan Documents.

(c)      **Conditions Precedent.**  The DIP Lenders shall have no obligation to

make any DIP Extension of Credit or any other financial accommodation hereunder or under the

other DIP Loan Documents (and the Debtors shall not make any request therefor) unless all

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 30)
Case No.: 14-22654-GMB   Doc 585   Inc. al 09/04/14   Entered 09/04/14 13:47:00   Desc Main
Case No.:                14-22654 (GMB)   Document      Page 31 of 81
Caption of Order:        THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                         361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                         RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                         PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                         POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                         AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                         USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                         PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                         PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                         SCHEDULING FINAL HEARING

conditions precedent to making DIP Extensions of Credit under the DIP Loan Documents have

been satisfied or waived in accordance with the terms of the DIP Loan Documents.

(d)   **Roll-Up of Prepetition First Lien Obligations.**   Upon the Closing Date,

the DIP Borrower is authorized and directed to (i) obtain the Roll-Up Borrowings in accordance

with the terms of the DIP Credit Agreement and (ii) pay the Prepetition First Lien Agent, on

behalf of the Prepetition First Lien Secured Parties, all principal amounts, together with all

accrued interest, fees, charges and other amounts, then outstanding and unpaid under the Tranche

A-1 Revolving Credit Facility and the Tranche A-2 Revolving Credit Facility in accordance with

the Prepetition First Lien Financing Documents and the DIP Loan Documents.   The proceeds of

any Roll-Up Borrowing shall be used exclusively for the prepayment of "Revolving Loans" (as

defined in the Prepetition First Lien Credit Agreement).

(e)   **DIP Collateral.**   As used herein, "DIP Collateral" shall mean, all now

owned or hereafter acquired assets and property in which the Debtors and their estates have an

interest, whether real or personal, tangible or intangible, or otherwise, whenever acquired, and

any and all proceeds therefrom, including, without limitation, (i) all Prepetition Collateral, and

(ii), in addition, all other cash, accounts, deposit accounts, securities accounts, investment

property, vehicles, documents, chattel paper, instruments, general intangibles, fixtures, letter of

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 31)
Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:                 14-22654 (GMB)        Page 32 of 81
Debtor:                   Revel AC, Inc., et al.
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

credit rights, accounts receivable, tax refunds, investment property, inventory, goods, plant and equipment, equipment, software, licenses, customer lists, customer records, real property, leaseholds, commercial tort claims, all intercompany claims, any and all proceeds arising from insurance policies, all claims and causes of action of each Debtor and any and all proceeds therefrom (including the proceeds of any Avoidance Actions following entry of the Final DIP Order), all intellectual property, the equity interests in each direct and indirect subsidiary of the DIP Borrower and the equity interests in Block 73, LLC owned by NB Acquisition in each case in which the Debtors and their estates have an interest, whenever acquired, and any and all proceeds therefrom; provided, that "DIP Collateral" shall exclude any property over which the creation or granting of such claim would violate any applicable Gaming Laws (collectively, the " Excluded Property").  All terms used in the description of DIP Collateral that are defined in the uniform commercial code as enacted in the state of New Jersey shall have the meanings set forth therein.  For the avoidance of doubt, "DIP Collateral" shall include (x) any asset purchase or other similar agreement for the sale or disposition of assets of the Debtors executed by any Debtor after the Petition Date, and any rights of any Debtor thereunder, including any right to receive proceeds of any deposit provided pursuant thereto (other than any Debtor's rights, claims or causes of action under, or in respect of, any such asset purchase or other similar agreement for

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:        RCS Capital, Inc., et al.

Case No.:      14-22654 (GMB)

Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

the sale or disposition of the Debtors' assets under which any of the DIP Secured Parties or any

of their affiliates are purchasers (pursuant to a cash or credit bid) or any proceeds thereof) and

(y) the Reserve Account (as defined in the Prepetition First Lien Credit Agreement).   In

connection with the Reserve Account, (i) JPMorgan Chase Bank ("JPMorgan") shall be

appointed sub-agent to the DIP Collateral Agent with respect to the Reserve Account to handle

disbursements of funds therefrom in accordance with the process set forth in Section 5.18 of the

Prepetition First-Lien Credit Agreement and (ii) notwithstanding the provisions of the

Prepetition First Lien Credit Agreement, JPMorgan shall take direction with respect to the

Reserve Account, including, but not limited to, in connection with disbursements therefrom,

solely from  the DIP Agent acting on behalf of the DIP Lenders and may disregard conflicting

instructions from any Prepetition First Lien Lenders.   JPMorgan shall be entitled to all of the

rights, exculpations and indemnities afforded to the DIP Agent under the DIP Credit Agreement,

mutatis mutandis, with respect to JPMorgan's actions taken by it in its capacity as sub-agent to

the DIP Collateral Agent with respect to the Reserve Account.

        (f)     **DIP Liens.**  Effective immediately upon the entry of this Interim DIP

Order, and subject to the Carve-Out, as set forth more fully in this Interim DIP Order, the DIP

Agent for the benefit of the DIP Secured Parties is hereby granted security interests in and liens

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

on the DIP Collateral, which security interests and liens shall immediately be valid, binding,

perfected, continuing, enforceable and non-avoidable (all liens and security interests granted to

the DIP Agent for the benefit of the DIP Secured Parties pursuant to this Interim DIP Order, any

Final DIP Order and the other DIP Loan Documents, the "DIP Liens").  The DIP Liens shall, in

each case, subject to the Carve-Out, constitute:

(i)      pursuant to Section 364(c)(2) of the Bankruptcy Code, valid,

enforceable, perfected and non-avoidable first-priority liens on, and

security interests in, all DIP Collateral that is not subject to a valid,

perfected, and non-avoidable lien in existence on the Petition Date; and

(ii)     pursuant to Sections 364(c)(3) and 364(d)(1) of the Bankruptcy

Code, valid, enforceable, perfected and non-avoidable senior priming liens

on, and security interests in (the "Priming Liens"), all DIP Collateral,

which Priming Liens shall be junior only to any Prepetition Liens in

respect of the Prepetition Tranche A-1 Revolving Credit Facility and,

prior to entry of the Final DIP Order, any valid, perfected, enforceable and

non-avoidable third party liens (including, for the avoidance of doubt, any

construction liens and property tax liens, but excluding any liens that were

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 34)
Case 14-22654-GMB Doc 585 Filed 09/04/14 Entered 09/04/14 13:47:00 Desc Main
Case No.: 14-22654 (GMB) Document Page 35 of 81
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

granted as security for the obligations in connection with the Prepetition

Tranche A-2 Revolving Credit Facility, the Prepetition Tranche B Term

Loan Facility, or the Prepetition Second Lien Term Loan) in existence at

the time of the commencement of the Chapter 11 Cases or perfected

subsequent thereto pursuant to Section 546(b) of the Bankruptcy Code

held by a third party that were senior to the Prepetition First Liens (such

liens, the "Senior Third Party Liens"), and shall be senior to all other liens

granted as of the Petition Date and any liens or security interests granted

after the Petition Date to provide adequate protection in respect of any of

the Prepetition Liens.

      (g)    **Other Provisions Relating to the DIP Liens.** The DIP Liens shall secure

all of the DIP Obligations. The DIP Liens shall not, without the consent of the DIP Agent, be

made subject to, or *pari passu* with, any other lien or security interest, other than to the extent

expressly provided herein and to the Carve-Out, by any court order heretofore or hereafter

entered in the Cases, and shall be valid and enforceable against any trustee appointed in the

Cases, upon the conversion of any of the Cases to a case under Chapter 7 of the Bankruptcy

Code or in any other proceedings related to any of the foregoing (such cases or proceedings, "

*Approved by Judge Gloria M. Burns September 04, 2014*

(Page 35)
Case 14-22654-GMB Reorg 585 Inc Filed 09/04/14 Entered 09/04/14 13:47:00 Desc Main
Case No.: 14-22654 (GMB) Document Page 36 of 81
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

Successor Cases"), and/or upon the dismissal of any of the Cases. The DIP Liens, the Adequate

Protection Liens and the Cash Collateral Adequate Protection Liens shall not be subject to

Sections 510, 549, 550 or 551 of the Bankruptcy Code or, upon entry of the Final DIP Order,

Section 506(c) of the Bankruptcy Code or the "equities of the case" exception of Section 552 of

the Bankruptcy Code.

(h) **Superpriority Administrative Claim Status.** The DIP Obligations

shall, pursuant to Section 364(c)(1) of the Bankruptcy Code, at all times constitute (without the

need to file a proof of claim) an allowed joint and several superpriority claim against each of the

DIP Loan Parties of the DIP Agent for the benefit of the DIP Secured Parties with priority over

any and all other obligations, liabilities, and indebtedness of the DIP Loan Parties, whether now

existing or hereafter arising or incurred, of any kind whatsoever, including the proceeds of

Avoidance Actions following entry of the Final DIP Order (but not the Avoidance Actions

themselves), and including any and all administrative expenses or other claims of the DIP Loan

Parties of the kind specified in or arising under Sections 105, 326, 328, 330, 331, 364, 365,

503(b), 506(c) (following entry of the Final DIP Order), 507, 546(c), 552(b), 726, 1113, 1114, or

any other provision of the Bankruptcy Code, whether or not such expenses or claims may

become secured by a judgment lien or other non-consensual lien, levy or attachment, whether

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September 04, 2014*

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

now in existence or hereafter incurred by the DIP Loan Parties, and shall at all times be senior to the rights of any DIP Loan Party, any DIP Loan Party's estate, and any successor trustee, estate representative, or any creditor, in any of the Cases or any Successor Case, subject only to the Carve-Out (the "DIP Superpriority Claim").  The DIP Superpriority Claim shall be payable from and have recourse to all prepetition and postpetition assets of the DIP Loan Parties (including, but not limited to, the DIP Collateral but, for the avoidance of doubt, excluding the Excluded Property).  Other than as expressly provided herein, including in paragraph 8 and with respect to the Carve-Out, no costs or expenses of administration, including, without limitation, professional fees allowed and payable under Bankruptcy Code Sections 328, 330 and 331, or otherwise, that have been or may be incurred in these proceedings or in any Successor Cases, and no priority claims are, or will be, senior to, prior to or *pari passu* with the DIP Liens, the DIP Superpriority Claim or any of the DIP Obligations, or with any other claims of the DIP Secured Parties arising hereunder or under the other DIP Loan Documents, or otherwise in connection with the DIP Facility.

3.    **Authorization and Approval to Use Cash Collateral and Proceeds of DIP Facility.**  Subject to the terms and conditions of this Interim DIP Order and the other DIP Loan Documents, and to the adequate protection granted to or for the benefit of the Prepetition First

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

Lien Secured Parties as hereinafter set forth, each Debtor is authorized during the Interim Period to (a) use the Cash Collateral and (b) request and use proceeds of the DIP Extensions of Credit, in each case solely in accordance with the DIP Budget (subject to variances permitted under the DIP Credit Agreement).  The DIP Budget may only be amended, supplemented, modified, restated, replaced, or extended in accordance with the DIP Loan Documents.  Notwithstanding anything herein to the contrary, subject only to the Debtors' rights under paragraph 15(b), the Debtors' right to request or use proceeds of DIP Extensions of Credit or to use Cash Collateral shall terminate on the Termination Date.  Nothing in this Interim DIP Order shall authorize the disposition of any assets of the Debtors or their estates or other proceeds resulting therefrom outside the ordinary course of business, except as permitted herein (subject to any required Court approval).  Notwithstanding anything in this Interim DIP Order, any other DIP Loan Document, or any other order by this Court to the contrary, no proceeds of the DIP Facility, Cash Collateral, Prepetition Collateral, or DIP Collateral, and no portion of the Carve-Out, may be used in the Cases or any other proceeding of any kind, or in any jurisdiction, directly or indirectly by any DIP Loan Party, any other Debtor, or any other person or entity, to (i) object to, contest, or raise any defense to, or assert any challenge to the validity, perfection, priority, extent, or enforceability of any amounts due under the DIP Facility, the DIP Loan Documents, the DIP

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

Collateral, the Prepetition Financing Documents, the Prepetition Collateral, or the liens or claims granted under the Prepetition Financing Documents, this Interim DIP Order, or any other DIP Loan Documents, including the DIP Liens and the DIP Superpriority Claim, (ii) investigate, assert, or prosecute any claims, defenses, or causes of action (including, without limitation, any Avoidance Actions) against the DIP Agent, the DIP Lenders, the Prepetition Agents, any Prepetition Secured Party, or their respective agents, affiliates, representatives, attorneys, or advisors, except to contest whether an Event of Default has occurred or is continuing in accordance with paragraph 15 of this Interim DIP Order, (iii) prevent hinder or otherwise delay the DIP Agent's, the DIP Lenders', the Prepetition Agents', or the Prepetition Secured Parties' assertion, enforcement, or realization against or upon the Cash Collateral or the DIP Collateral in accordance with this Interim DIP Order, the other DIP Loan Documents, and the Prepetition Financing Documents, except to contest whether an Event of Default has occurred or is continuing in accordance with paragraph 15 of this Interim DIP Order, (iv) without the prior written consent of the DIP Agent, the DIP Lenders, or the Prepetition Agents, as applicable, seek to modify any of the rights granted to the DIP Agent, the DIP Lenders, or the Prepetition Agents hereunder or under the DIP Loan Documents or the Prepetition Financing Documents, or (v) take any other action prohibited by the DIP Credit Agreement; provided, however, that, subject to the

(Page 39)

| | |
|---|---|
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

limitations set forth in the DIP Budget, an amount equal to the Investigation Budget (as defined below) may be used by any Committee to investigate the matters covered in paragraph F above.

4.   **Adequate Protection for Prepetition Secured Parties.**  As adequate protection for the interests of the Prepetition Agents and the Prepetition Secured Parties in the Prepetition Collateral (including Cash Collateral), the Prepetition Agents for the benefit of the respective Prepetition Secured Parties shall receive adequate protection as follows:

(a)   **Adequate Protection Liens.**  Solely to the extent of, and in an aggregate amount equal to, any diminution in value of their respective interests in the Prepetition Collateral (excluding Cash Collateral), from and after the Petition Date, calculated in accordance with Section 506(a) of the Bankruptcy Code, whether or not resulting from, among other things, the use, sale or lease by the Debtors, depreciation, physical deterioration, or other decline in value, of the Prepetition Collateral (excluding Cash Collateral), the priming of the Prepetition Liens by the DIP Liens, and the imposition or enforcement of the automatic stay of Section 362(a) of the Bankruptcy Code, or otherwise (collectively, "Diminution in Value"), the Prepetition Secured Parties shall have pursuant to Sections 361 and 364(d) of the Bankruptcy Code, replacement security interests in and liens upon (the "Adequate Protection Liens") all of the DIP Collateral. As adequate protection for the use of such Prepetition Secured Parties' Prepetition Collateral that

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 40)
Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:              14-22654 (GMB) Page 41 of 81
Debtor:                ISC8 Inc. (f/k/a

Caption of Order:      THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                       361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                       RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                       PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                       POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                       AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                       USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                       PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                       PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                       SCHEDULING FINAL HEARING

is Cash Collateral, the Prepetition Secured Parties shall have, pursuant to Section 363(e) of the

Bankruptcy Code, dollar for dollar replacement security interests in and liens upon (the "Cash

Collateral Adequate Protection Liens") all of the DIP Collateral.  The Adequate Protection Liens

and the Cash Collateral Adequate Protection Liens of the Prepetition Secured Parties shall be

junior and subordinated to the DIP Liens and any Senior Third Party Liens.  The Adequate

Protection Liens and the Cash Collateral Adequate Protection Liens of the Prepetition First Lien

Secured Parties shall be senior and prior to the Adequate Protection Liens and the Cash

Collateral Adequate Protection Liens of the Prepetition Second Lien Secured Parties and the

Prepetition Liens.  The Adequate Protection Liens and the Cash Collateral Adequate Protection

Liens of the Prepetition Second Lien Secured Parties shall be senior to any Prepetition Second

Liens and shall be junior and subordinated to the Adequate Protection Liens and the Cash

Collateral Adequate Protection Liens of the Prepetition First Lien Secured Parties, the

Prepetition First Liens, the DIP Liens and any Senior Third Party Liens.  The Adequate

Protection Liens and the Cash Collateral Adequate Protection Liens shall in all cases be subject

to the Carve-Out and the Wind-Down Amounts.

          (b)     **Adequate Protection Superpriority Claims.**  To the extent that the

Adequate Protection Liens do not make the Prepetition Secured Parties whole for any

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 41)
Case 14-22654-GMB Doc 585 Inc Filed 09/04/14  Entered 09/04/14 13:47:00  Desc Main
Case No.:           14-22654 (GMB) Document    Page 42 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

Diminution in Value and to the extent that the Cash Collateral Adequate Protection Liens do make the Prepetition Secured Parties whole for the use of Cash Collateral, the Prepetition Secured Parties shall have, respectively, subject in each case to the payment of the Carve-Out, allowed joint and several superpriority administrative expense claims against each of the DIP Loan Parties (the "Adequate Protection Superpriority Claims") as provided for in Section 507(b) of the Bankruptcy Code, payable from and having recourse to all DIP Collateral, which (i) in the case of the Adequate Protection Superpriority Claim granted to the Prepetition First Lien Secured Parties (the "First Lien Adequate Protection Superpriority Claim") shall be junior and subordinated to the DIP Superpriority Claim, and (ii) in the case of the Adequate Protection Superpriority Claim granted to the Prepetition Second Lien Secured Parties (the "Second Lien Adequate Protection Superpriority Claim") shall be junior and subordinated to the DIP Superpriority Claim and the First Lien Adequate Protection Superpriority Claim. For the avoidance of doubt, the Prepetition Secured Parties shall not receive or retain any payments, property, distribution or other amounts in respect of any Adequate Protection Superpriority Claims unless and until the DIP Obligations and (without duplication) the DIP Superpriority Claim have indefeasibly been paid in full in cash.

(c)    **Adequate Protection Payments, etc.**  Subject only to the Carve-Out and

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

any Wind-Down Amounts, the Prepetition First Lien Agent and the other Prepetition First Lien Secured Parties shall receive from the Debtors, upon entry of this Interim DIP Order and, thereafter, when due, payment of: (i) (x) all accrued and unpaid interest on the First Lien Prepetition Obligations in respect of the Prepetition Tranche A-1 Revolving Credit Facility and the Prepetition Tranche A-2 Revolving Credit Facility owing by the Debtors under the Prepetition First Lien Financing Documents at the non-default rates set forth in the Prepetition First Lien Financing Documents, and (y) all accrued and unpaid interest on the First Lien Prepetition Obligations in respect of the Prepetition Tranche B Term Loan Facility owing by the Debtors under the Prepetition First Lien Financing Documents, to be paid in kind by capitalizing such interest and adding it to the aggregate principal amount of the First Lien Prepetition Obligations in respect of the Prepetition Tranche B Term Loan Facility, at the rates set forth in, and pursuant to the terms of, the Prepetition First Lien Credit Financing Documents, to the fullest extent permitted by law; (ii) all other accrued and unpaid fees and disbursements (including all reasonable and documented out-of-pocket legal and advisory fees and expenses) owing to the Prepetition First Lien Agent or the Prepetition First Lien Secured Parties under the Prepetition Revolving Credit Facilities pursuant to the Prepetition First Lien Financing Documents, and (iii) all letter of credit and other fees owing by the Debtors under the Prepetition

*Approved by Judge Gloria M. Burns September 04, 2014*

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

First Lien Financing Documents in respect of the Prepetition Revolving Credit Facilities, at the non-default rate provided for therein.

(d)    **Professional and Advisory Fees.**    The Debtors shall pay reasonable and documented professional and advisory fees, costs and expenses of the Prepetition First Lien Agent and the other Prepetition First Lien Secured Parties under the Prepetition Revolving Credit Facilities incurred in connection with the administration and monitoring of the Prepetition First Lien Financing Documents and/or the DIP Facility, including the reasonable and documented postpetition fees and expenses of any legal, financial and other advisory professionals, within ten (10) days after receipt of invoices therefor.

(e)    **Credit Bid Protection.**    Subject to the terms and conditions set forth in the DIP Loan Documents and the Order Authorizing and Approving Bid Procedures entered July 14, 2014 [Docket No. 231], the rights of the DIP Agent and the Prepetition First Lien Agent to credit bid under Section 363(k) of the Bankruptcy Code in connection with any sale of the Debtors' assets and property, including, without limitation, any sale occurring pursuant to Section 363 of the Bankruptcy Code, included as part of any Chapter 11 plan, or conducted by a Chapter 7 trustee under Section 725 of the Bankruptcy Code are preserved.

5.    **Monitoring of Collateral.**    The Prepetition First Lien Agent and the DIP Agent,

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                     361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                     RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                     PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                     POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                     AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                     USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                     PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                     PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                     SCHEDULING FINAL HEARING

and their respective consultants and advisors, shall be given reasonable access to the Debtors'

books, records, assets and properties for purposes of monitoring the Debtors' business and the

value of the DIP Collateral, and shall be permitted to conduct field audits, collateral

examinations and inventory appraisals upon reasonable notice and at reasonable times in respect

of the DIP Collateral.

6.     **DIP Lien, Adequate Protection Replacement Lien and Cash Collateral**

**Adequate Protection Lien Perfection.**     This Interim DIP Order shall be sufficient and

conclusive evidence of the validity, perfection and priority of the DIP Liens and the Adequate

Protection Liens without the necessity of executing, filing or recording any financing statement,

deed of trust, mortgage, security agreement, notice of lien, pledge agreement, or other instrument

or document which may otherwise be required under the law of any jurisdiction or the taking of

any other action to validate or perfect the DIP Liens and the Adequate Protection Liens or to

entitle the DIP Liens, the Adequate Protection Liens and the Cash Collateral Adequate

Protection Liens to the priorities granted herein.  Notwithstanding the foregoing, the DIP Agent

may, in its sole discretion, file such financing statements, deeds of trust, mortgages, security

agreements, notices of liens, pledge agreements, and other instruments and documents, and is

hereby granted relief from the automatic stay of Section 362 of the Bankruptcy Code solely in

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 45)
Case 14-22654-GMB   Doc 585   Filed 09/04/14   Entered 09/04/14 13:47:00   Desc Main
Document   Page 46 of 81
Debtor:   RadioShack, Inc., et al.
Case No.:   14-22654 (GMB)
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

order to do so, and all such financing statements, deeds of trust, mortgages, security agreements,

notices of liens, pledge agreements, and other instruments and documents shall be deemed to

have been filed or recorded at the time and on the date of the commencement of the Cases.  The

Debtors shall execute and deliver to the DIP Agent all such financing statements, deeds of trust,

mortgages, security agreements, notices of liens, pledge agreements, and other instruments and

documents as the DIP Agent may reasonably request to evidence, confirm, validate or perfect, or

to insure the contemplated priority of, the DIP Liens and the Adequate Protection Liens.  The

DIP Agent may file a photocopy of this Interim DIP Order as a financing statement with any

recording officer designated to file financing statements or with any registry of deeds or similar

office in any jurisdiction in which any Debtor has real or personal property and, in such event,

the subject filing or recording officer shall be authorized to file or record such copy of this

Interim DIP Order.  To the extent that the Prepetition First Lien Agent is the secured party under

any account control agreements, listed as loss payee under any of the Debtors' insurance policies

or is the secured party under any Prepetition First Lien Financing Document, the DIP Agent is

also deemed to be the secured party under such account control agreements, loss payee under the

Debtors' insurance policies and the secured party under each such Prepetition Collateral

Document, and shall have all rights and powers attendant to that position (including, without

46

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:          RCS Capital, Inc., et al.
Case No.:        14-22654 (GMB)
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                 RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                 PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                 POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                 AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                 USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                 PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                 PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                 SCHEDULING FINAL HEARING

limitation, rights of enforcement) and shall act in that capacity and distribute any proceeds

recovered or received in accordance with the terms of this Interim DIP Order and/or the Final

DIP Order, as applicable, and the other DIP Loan Documents.  The Prepetition First Lien Agent

shall serve as agent for the DIP Agent for purposes of perfecting their respective security

interests and liens on all DIP Collateral that is of a type such that perfection of a security interest

therein may be accomplished only by possession or control by a secured party.  In the event that

enforcement of the DIP Liens becomes necessary and is authorized under the terms of this

Interim DIP Order or the other DIP Loan Documents, the DIP Agent, in accordance with the DIP

Loan Documents, shall be deemed for all purposes to have and be entitled to enforce in this

Court or any other court of competent jurisdiction all of the rights, privileges, processes and

protections accorded to a person holding a valid, binding and enforceable properly perfected lien

or security interest in such DIP Collateral under applicable New Jersey state law.

## 7.    <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>

.   Except as set forth below in the immediately following sentence, all of the findings,

agreements, terms, provisions and acknowledgments set forth in paragraph F of this Interim DIP

Order (the "<u>Claims Acknowledgments</u>"), shall be immediately and irrevocably binding on all

persons and entities.  Notwithstanding the foregoing, nothing in this Interim DIP Order shall

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtors:         RCS85 Inc., et al.

Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

prejudice any rights a Committee (or any other party with standing to do so) may have (a) to

object to or challenge any of the Claims Acknowledgments, including in relation to (i) the

validity, extent, perfection or priority of the Prepetition Liens on the Prepetition Collateral, or

(ii) the validity, allowability, priority, status or amount of the Prepetition Obligations, or (b) to

bring suit against any of the Prepetition Secured Parties  in connection with or related to the

matters covered by the Claims Acknowledgments; provided, that unless any Committee (or any

other party with standing to do so) commences an adversary proceeding or contested matter (as

applicable) raising such objection or challenge, including without limitation any claim against

the Prepetition Secured Parties in the nature of a setoff, counterclaim, equitable subordination,

avoidance or defense to the Prepetition Obligations (including but not limited to, those under

Sections 506 (subject to the waiver of claims arising under Section 506(c) of the Bankruptcy

Code as may be provided herein and/or in the Final DIP Order), 544, 547, 548, 549, 550 and/or

552 of the Bankruptcy Code or by way of suit against any of the Prepetition Secured Parties), by

(x) a Committee, by the date that is the later to occur of 60 days after the  appointment of a

Committee or the entry of the Final DIP Order or (y) if no Committee is appointed, by a party in

interest with standing to do so, by a date that is 75 days after entry of the Final DIP Order (the

period described in the immediately preceding clauses (x) and (y) shall be referred to as the "

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | ABC Inc. et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

Challenge Period," and the date that is the next calendar day after the termination of the Challenge Period shall be referred to as the "Challenge Period Termination Date"), upon the Challenge Period Termination Date, any and all such challenges and objections by any Committee (or any other party with standing), any Chapter 11 or Chapter 7 trustee appointed herein or in any Successor Case, and any other party in interest shall be deemed to be forever waived and barred, and the Prepetition Obligations, as applicable, shall be deemed to be allowed secured claims within the meaning of Sections 502 and 506 of the Bankruptcy Code for all purposes in connection with the Cases, and the Claims Acknowledgments shall be binding on all creditors, interest holders and parties in interest.  To the extent any such objection or complaint is filed, the Claims Acknowledgments shall nonetheless remain binding and preclusive except to the extent expressly challenged in such objection or complaint.  Notwithstanding anything to the contrary herein, any repayment or "roll-up" of prepetition amounts may be subject to reversal by order of the Court, after notice and a hearing,  in the event of a timely and successful challenge to the validity, enforceability, extent, perfection, priority, or amount of any Prepetition Secured Parties' claims or Liens, or the determination that any obligations due and owing to the Prepetition Secured Parties were undersecured as of the Petition Date, in each case, in accordance with the terms of this Interim DIP Order.

49

8.    **Carve-Out and Wind-Down Amounts.**

(Page 49)
Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:           14-22654 (GMB)    Document    Page 50 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

(i)    Carve-Out.  Subject to the terms and conditions in this paragraph 8, the DIP Liens, the DIP Superpriority Claim, the Adequate Protection Superpriority Claims, the Adequate Protection Liens, and the Prepetition Liens, which have the relative liens and payment priorities set forth herein, shall in all cases be subject and subordinate to the payment of the Carve-Out.  For purposes of this Interim DIP Order, "Carve-Out" shall mean, collectively:  (a) all fees required to be paid to the Clerk of the Bankruptcy Court and to the office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and 28 U.S.C. § 156(c), plus (b) unpaid fees and expenses of estate professionals (including professionals retained by the Committee) and Winter Harbor LLC (individually, an "Estate Professional," and collectively, the "Estate Professionals") retained pursuant to sections 327, 328 or 363 of the Bankruptcy Code incurred and accruing after the date the DIP Agent issues a Default Notice, to the extent such fees and expenses are allowed by the Court, in an aggregate amount not to exceed $275,000 (such amount, the "Professionals' Carve-Out Cap") for the Estate Professionals.  For fees and expenses incurred by Estate Professionals prior to the date that a Default Notice has been issued, the Debtors shall be permitted to pay fees to the Estate Professionals and reimburse expenses incurred by the Estate Professionals that are allowed by the Court and payable

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:             ACAS, Inc., et al.
Case No.:           14-22654 (GMB)
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

under Sections 328, 330 and 331 or 363 of the Bankruptcy Code, any compensation

procedures approved by the Court and  permitted under Section 2.01(b) of the Credit

Agreement, and to the extent consistent with the DIP Budget, and the same shall not

reduce the Professionals' Carve-Out Cap; provided, however, the Reserved Amounts,

which are set forth in Schedule 2.01(b) to the DIP Credit Agreement, are modified as set

forth on Exhibit B annexed hereto; provided, further, however, any amounts not used in a

prior week for an Estate Professional may be applied to increase the budgeted fees for

subsequent weeks and the actual fees incurred in a prior week by an Estate Professional

that exceed the budgeted amount for that week may be applied against the budgeted

amounts in subsequent weeks.  In the event that the DIP Agent issues a Default Notice,

the Estate Professionals shall be able to seek payment of unpaid fees and expenses

incurred and accruing on or prior to the date the DIP Agent issues such Default Notice

(the "Pre-Default Fees") from the Reserved Amounts in accordance with Section 2.01(b)

of the DIP Credit Agreement; provided that, such fees and expenses shall in the aggregate

not exceed the amount available as the Reserved Amounts (as defined in the DIP Credit

Agreement) as of the date of the issuance of the Default Notice (any Pre-Default Fees in

excess of such amount, the "Pre-Default Excess Fees").  To the extent that the NM

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor: AE85 Inc., et al.

Case No.: 14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

Commitment (as defined in the DIP Credit Agreement) has terminated prior to the payment of the fees and expenses of the Estate Professionals that have accrued and remain unpaid as of the date of such termination, all Reserved Amounts shall be funded into a reserve deposit account of the Administrative Agent (as defined in the DIP Credit Agreement) that is under the sole control of the Administrative Agent (the "Reserved Amounts Account"). The Reserved Amounts contained in the Reserved Amounts Account shall be available to the Borrower (as defined in the DIP Credit Agreement) to pay the fees and expenses of the Estate Professionals that are accrued and unpaid as of the date of termination of the NM Commitment, approved for payment by the Bankruptcy Court and not in excess of the amounts contained in Schedule 2.01(b). The Reserved Amounts and the Reserved Amounts Account (and amounts on deposit therein) shall be maintained by the Administrative Agent until, and used for no purpose other than, the payment in full and in cash of the fees and expenses of the Estate Professionals in accordance with the DIP Credit Agreement and this DIP Order, and shall not be available for satisfaction of, or subject to, any other claim against the Debtors' estates or subject to any claim, lien, charge, right to payment or other encumbrance of any kind or nature, and shall not be subject to avoidance or recovery by the Debtors or their estates (including

*Approved by Judge Gloria M. Burns September 04, 2014*

Debtor:          ABC&C, Inc. et al.
Case No.:        14-22654 (GMB)
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                 RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                 PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                 POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                 AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                 USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                 PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                 PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                 SCHEDULING FINAL HEARING

any Chapter 11 or Chapter 7 trustee appointed in these cases).

(ii)     Wind-Down Amounts.  Subject to the terms and conditions contained in this paragraph 8 and subject to the consummation of a Qualifying Sale (defined below), each of the Prepetition Liens, Adequate Protection Liens, and the Adequate Protection Superpriority Claims shall be subject and subordinate to payment of the Wind-Down Amounts.  For purposes of this Interim DIP Order "Wind-Down Amounts" means the amounts set forth in the budget (the "Wind-Down Budget") attached as Exhibit D to the Interim DIP Order entered July 30, 2014 [Docket No. 352], which budget has been approved by the DIP Agent and the Prepetition First Lien Agent; provided that disbursements to be made in connection with wind-down activities shall not be limited to the specific applicable line item in the Wind-Down Budget so long as there remain unused amounts from other line items in the Wind-Down Budget.  The Wind-Down Amounts shall be payable if a sale for cash or by credit bid or some combination thereof of all or substantially all of the assets of the Debtors pursuant to Section 363 of the Bankruptcy Code (a "Qualifying Sale") is consummated.  The Wind-Down Amounts shall be payable from the proceeds of a Qualifying Sale after (x) the DIP Obligations have been paid in full and (y) any unpaid components of the Carve-Out have been paid or

Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

deposited in a cash reserve (such proceeds are "Remaining Sale Proceeds").  Upon the

consummation of a Qualifying Sale, Remaining Sale Proceeds equal to the sum of all

Wind-Down Amounts as set forth in the Wind-Down Budget shall be deposited in a

segregated account (the "Wind-Down Account") which segregated account shall

thereafter be utilized by the Debtors to pay Wind-Down Amounts as and when such

amounts become due and payable in accordance with the Wind-Down Budget, provided

that, upon the payment in full of all expenses necessary to effectuate the wind-down of

the Debtors' affairs, any amounts remaining in the Wind-Down account shall be

distributed as proceeds of the Qualifying Sale.

9.       **Section 506(c) Claims.**  Subject only to and effective upon the entry of the Final

DIP Order, as a further condition of the DIP Facility, any obligation of the DIP Secured Parties

to make DIP Extensions of Credit, and the Debtors' authorization to use the Cash Collateral, the

Debtors (and any successors thereto or any representatives thereof, including any trustees

appointed in the Cases or any Successor Cases) agree not to assert any rights, benefits or causes

of action under Section 506(c) of the Bankruptcy Code as they may relate to or be asserted

against the DIP Secured Parties, the DIP Liens, the DIP Collateral, the Prepetition First Lien

Secured Parties, the Adequate Protection Liens, the Prepetition First Liens or the Prepetition

*Approved by Judge Gloria M. Burns September  04, 2014*

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

Collateral; provided that, in the event that White & Case LLP, Winter Harbor LLC, or Fox Rothschild LLP have accrued and unpaid Pre-Default Excess Fees, such professionals shall be permitted to seek allowance of such Pre-Default Excess Fees under Section 506(c) of the Bankruptcy Code in an aggregate amount not to exceed $750,000, provided further that, (a) nothing herein shall affect any standards that such professionals must meet with respect to a claim under Section 506(c) of the Bankruptcy Code, including, but not limited to, that such professionals shall bear the burden of proof, and (b) all defenses remain available to the parties that would be affected by the requested relief.  Nothing contained in this Interim DIP Order, in the Final DIP Order, or in the other DIP Loan Documents, and no action, inaction, or acquiescence by the Prepetition First Lien Secured Parties or the DIP Secured Parties, shall be deemed to be, or shall be considered evidence of, a consent by the Prepetition First Lien Secured Parties or the DIP Secured Parties to any charge, lien, assessment or claim against, or in respect of, the DIP Collateral or the Prepetition Collateral under Section 506(c), 552(b), or 105(a) of the Bankruptcy Code or otherwise.

10.    **Collateral Rights.**  Except as expressly permitted in the this Interim DIP Order and the other DIP Loan Documents, in the event that any person or entity that holds a lien or security interest in DIP Collateral that is junior or subordinate to the DIP Liens in such DIP

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | ABC, Inc. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

Collateral receives or is paid the proceeds of such DIP Collateral, or receives any other payment with respect thereto from any other source, prior to payment in full and in cash and the complete satisfaction of all DIP Obligations, such junior or subordinate lienholder shall be deemed to have received, and shall hold, the proceeds of any such DIP Collateral in trust for the applicable DIP Lenders, and shall immediately turnover such proceeds to the DIP Agent for application in accordance with this Interim DIP Order and the other DIP Loan Documents.

11. **Limitations in Respect of Subsequent Court Orders.** Without limiting any other provisions of this Interim DIP Order, there shall not be entered in these proceedings, or in any Successor Case, any order which authorizes (i) the obtaining of credit or the incurring of indebtedness that is secured by a security, mortgage, or collateral interest or other lien on all or any portion of the DIP Collateral and/or entitled to priority administrative status which is superior to or *pari passu* with those granted pursuant to this Interim DIP Order to or for the benefit of the DIP Secured Parties or the Prepetition First Lien Secured Parties, or (ii) the use of Cash Collateral for any purpose other than as set forth in the DIP Budget, unless, in either case, the DIP Agent and the Prepetition First Lien Agent have provided their prior written consent or all accrued and outstanding DIP Obligations have been or would be paid in full in cash pursuant to the terms of such order.

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

12.    **Cash Management.**  The Debtors' cash management system shall at all times be maintained (i) in accordance with the terms of the DIP Loan Documents and any order of this Court approving the maintenance of the Debtors' cash management system, and (ii) in a manner which in any event shall be reasonably satisfactory to the DIP Agent.  The DIP Agent shall be deemed to have "control" over such accounts for all purposes of perfection under the Uniform Commercial Code.  Until the occurrence of an Event of Default, all amounts collected in the cash collection accounts may be used in accordance with this Interim DIP Order, the DIP Budget and the other DIP Loan Documents.

13.    **Disposition of DIP Collateral.**  The Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the DIP Collateral, except as permitted by the DIP Loan Documents, or as approved by the Court.

14.    **Survival of Certain Provisions.**  In the event of the entry of any order converting any of these Cases into a Successor Case, the DIP Liens, the DIP Superpriority Claim, the Adequate Protection Liens, Cash Collateral Adequate Protection Liens and the Adequate Protection Superpriority Claim shall continue in these proceedings and in any Successor Case, and such DIP Liens, DIP Superpriority Claim, Adequate Protection Liens, Cash Collateral Adequate Protection Liens and Adequate Protection Superpriority Claim shall maintain their

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:           A&P Inc. et al.

Case No.:         14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                  361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                  RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                  PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                  POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                  AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                  USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                  PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                  PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                  SCHEDULING FINAL HEARING

respective priorities as provided by this Interim DIP Order.

### 15. **Events of Default; Rights and Remedies Upon Event of Default.**

(a)    Upon the occurrence of the Termination Date, the automatic stay provisions of Section 362(a) of the Bankruptcy Code shall be automatically vacated and modified to the extent necessary to permit the DIP Agent and the DIP Secured Parties to exercise all rights and remedies provided in this Interim DIP Order and the other DIP Loan Documents, as applicable, and to take any or all of the following actions without further order of or application to this Court:  (i) immediately terminate the DIP Loan Parties' use of Cash Collateral and cease making any DIP Extensions of Credit to the DIP Borrower; (ii) immediately declare all DIP Obligations to be immediately due and payable; (iii) immediately terminate the DIP Facility and the availability of any DIP Extensions of Credit thereunder; (iv) immediately set off any and all amounts in accounts maintained by the Debtors with (or subject to a security interest in favor of) the DIP Agent or the DIP Secured Parties against the DIP Obligations, or otherwise enforce rights against the DIP Collateral in the possession of, or subject to a lien in favor of the DIP Agent or the DIP Secured Parties for application towards the DIP Obligations; and (v) take any other actions or exercise any other rights or remedies permitted under this Interim DIP Order and the other DIP Loan Documents or applicable law to effect the repayment of the DIP Obligations.

*Approved by Judge Gloria M. Burns September  04, 2014*

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

This Court shall retain exclusive jurisdiction with respect to all matters relating to the exercise of the rights and remedies hereunder with respect to the Debtors, and under this Interim DIP Order and the Final DIP Order, and with respect to the DIP Collateral, including the judicial enforcement of the DIP Liens created hereunder.

(b)    During the Default Notice Period: (i) all commitments of the DIP Lenders to provide any DIP Extensions of Credit will be suspended; (ii) the Debtors shall have no right to request or use any proceeds of any DIP Extensions of Credit or DIP Collateral or to use Cash Collateral, other than towards the satisfaction of the Carve-Out, to pay accrued items as set forth in the DIP Budget, or as otherwise necessary to maintain the operations of the business and the value of the DIP Collateral in accordance with the DIP Budget; (iii) any party in interest's sole recourse with respect to opposing the aforementioned modification of the automatic stay under Section 362(a) of the Bankruptcy Code shall be to contest the occurrence and/or continuance of an Event of Default; and (iv) the Debtors and the Committee shall be entitled to an emergency hearing before this Court, solely for the purpose of contesting whether an Event of Default has occurred and/or is continuing.

(c)    The automatic stay imposed under Section 362(a) of the Bankruptcy Code is hereby modified pursuant to the terms of the DIP Loan Documents and this Interim DIP Order

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 59)

Case 14-22654-GMB   Doc 585   Filed 09/04/14   Entered 09/04/14 13:47:00   Desc Main
Case No.:            14-22654 (GMB)   Document      Page 60 of 81

Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

as necessary to (i) permit the Debtors to grant the Adequate Protection Liens and the DIP Liens

and to incur all DIP Obligations and all liabilities and obligations to the Prepetition Secured

Parties hereunder and under the other DIP Loan Documents, as the case may be, and (ii)

authorize the DIP Agent and the Prepetition First Lien Agent to retain and apply payments, and

otherwise enforce their respective rights and remedies hereunder.

(d)      Notwithstanding anything in this Interim DIP Order to the contrary, the

Prepetition First Lien Agent shall not be permitted to exercise any rights or remedies for itself or

the other Prepetition First Lien Secured Parties unless and until the DIP Obligations are

indefeasibly paid and satisfied in full in cash.

16.      **Applications of Proceeds of Collateral, Payments and Collections.** As a

condition to the DIP Extensions of Credit and the authorization to use Cash Collateral, each

Debtor has agreed that proceeds of any DIP Collateral and Prepetition Collateral, any amounts

held on account of the DIP Collateral or Prepetition Collateral, and all payments and collections

received by the Debtors with respect to all proceeds of DIP Collateral and Prepetition Collateral,

shall be used and applied solely in accordance with the DIP Loan Documents (including

repayment and reduction of the DIP Obligations) and the DIP Budget (subject to variances

permitted under the DIP Credit Agreement).

*Approved by Judge Gloria M. Burns September  04, 2014*

Case No.: 14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

17. **Proofs of Claim, etc.** None of the DIP Secured Parties or the Prepetition First Lien Secured Parties shall be required to file proofs of claim in any of the Cases or any Successor Cases for any claim allowed herein. Notwithstanding any order entered by the Court in relation to the establishment of a bar date in any of the Cases or any Successor Cases to the contrary, the DIP Agent, on behalf of itself and the DIP Secured Parties, and the Prepetition First Lien Agent, on behalf of itself and the Prepetition First Lien Secured Parties, respectively, are hereby authorized and entitled, each in its sole discretion, but not required, to file (and amend and/or supplement, as each sees fit) a proof of claim and/or aggregate proofs of claim in each of the Cases or any Successor Cases for any claim allowed herein; for avoidance of doubt, any such proof of claim may (but is not required to be) filed as one consolidated proof of claim against all of the Debtors, rather than as separate proofs of claim against each Debtor. Any order entered by the Court in relation to the establishment of a bar date for any claim (including without limitation administrative claims) in any of the Cases or any Successor Cases shall not apply to the DIP Agent, the other DIP Secured Parties, the Prepetition First Lien Agent or the other Prepetition First Lien Secured Parties.

18. **Indemnity.** The DIP Agent and the DIP Secured Parties have acted in good faith, and without negligence or violation of public policy or law, in respect of all actions taken by

(Page 61)
Case No.: 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:              14-22654 (GMB)
Caption of Order:      THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                       361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                       RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                       PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                       POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                       AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                       USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                       PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                       PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                       SCHEDULING FINAL HEARING

them in connection with or related in any way to negotiating, implementing, documenting or

obtaining requisite approvals of the DIP Facility and the use of Cash Collateral, including in

respect of the granting of the DIP Liens and the Adequate Protection Liens, any challenges or

objections to the DIP Facility or the use of Cash Collateral, and all documents related to any and

all transactions contemplated by the foregoing.  Accordingly, the DIP Agent and the DIP

Secured Parties, and their respective professionals and advisors, shall be and hereby are

indemnified and held harmless by the Debtors in respect of any claim or liability incurred in

respect thereof or in any way related thereto.  No exception or defense in contract, law, or equity

exists as to any obligation set forth, as the case may be, in this paragraph 18 or in the DIP Loan

Documents to indemnify and/or hold harmless the DIP Agent and the DIP Secured Parties,

except to the extent resulting from the DIP Agent's or the applicable DIP Secured Party's gross

negligence or willful misconduct as determined by a final non-appealable order of a court of

competent jurisdiction.

      19.    **Release.**  Subject to the rights of any Committee or other party in interest as

provided in paragraph 7 of this Interim DIP Order, the Debtors forever release, waive, and

discharge the DIP Agent, the DIP Secured Parties, the Prepetition First Lien Agent, the

Prepetition First Lien Parties, and their affiliates, subsidiaries, assigns, and successors, together

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:                    AÉROPOSTALE, Inc., et al.
Case No.:                  14-22654 (GMB)
Caption of Order:          THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                           361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                           RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                           PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                           POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                           AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                           USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                           PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                           PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                           SCHEDULING FINAL HEARING

with each of the foregoing parties' respective officers, directors, employees, agents, attorneys

and professionals (collectively, the "Released Parties"), from any and all claims and causes of

action arising out of, based upon, or related to, in whole or in part, any of the DIP Facility, the

DIP Loan Documents, the DIP Collateral, the DIP Liens, the DIP Superpriority Claim, the

Prepetition Financing Documents, the Prepetition Collateral, the Cash Collateral, or the

Prepetition Liens, any aspect of the prepetition relationship among the Debtors relating to any of

the Prepetition Financing Documents, or any transaction contemplated by the DIP Loan

Documents or the Prepetition Financing Documents, including, without limitation, any claims or

defenses as to the extent, validity, priority, or perfection of the DIP Facility, the DIP Loan

Documents, the DIP Collateral, the DIP Liens, the DIP Superpriority Claim, the Prepetition

Obligations, the Prepetition Financing Documents, the Cash Collateral, the Prepetition

Collateral, or the Prepetition Liens, along with any "lender liability" claims and causes of action,

any actions, claims, or defenses under Chapter 5 of the Bankruptcy Code, or any other claims

and causes of action.

20.    **Limitation of Liability.**    In determining to extend credit under the DIP Loan

Documents, or in exercising any rights or remedies pursuant to this Interim DIP Order and the

other DIP Loan Documents, the DIP Agent and the DIP Secured Parties shall not be deemed to

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 63)
Case 14-22654-GMB   Doc 585   Filed 09/04/14   Entered 09/04/14 13:47:00   Desc Main
Case No.:           14-22654 (GMB)   Document   Page 64 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

be in control of the operations of any DIP Loan Party or of any other Debtor or to be acting as a

"responsible person" or "owner or operator" with respect to the operation or management of any

DIP Loan Party or of any other Debtor (as such terms, or any similar terms, are used in the

United States Comprehensive Environmental Response, Compensation and Liability Act, 29

U.S.C. §§ 9601, et seq., as amended, or any similar federal or state statute).

21.     **Debtors' Waivers.**  At all times during the Cases, and whether or not an Event of

Default has occurred, the Debtors irrevocably waive any right that they may have (a) to

challenge the application of any payments authorized by this Interim DIP Order as pursuant to

Section 506(b) of the Bankruptcy Code, (b) to seek authority to grant liens on the DIP Collateral

or any portion thereof to any other entities, pursuant to Section 364(d) of the Bankruptcy Code

or otherwise, which liens are senior to, or pari passu with, the DIP Liens, the DIP Superpriority

Claim, or any other liens or claims granted to the DIP Agent or the DIP Lenders, unless the DIP

Obligations are first repaid in full in cash and the DIP Facility is terminated, or (c) to seek

authority to obtain postpetition loans or other financial accommodations pursuant to Section

364(c) or 364(d) of the Bankruptcy Code, other than from the DIP Lenders, or as may be

otherwise expressly permitted under the DIP Loan Documents, unless the Debtors use the

proceeds of such postpetition loans or other financial accommodations to pay in full in cash all

*Approved by Judge Gloria M. Burns September  04, 2014*

(Page 64)
Case No.: 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:                   14-22654 (GMB)    Document    Page 65 of 81
Caption of Order:          THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                           361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                           RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                           PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                           POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                           AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                           USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                           PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                           PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                           SCHEDULING FINAL HEARING

DIP Obligations.  In addition, in any hearing regarding any exercise of rights or remedies, the

only issue that may be raised by any party in opposition thereto shall be whether, in fact, an

Event of Default has occurred and is continuing, and the Debtors hereby waive their right to seek

relief, including without limitation, under Section 105 of the Bankruptcy Code, to the extent

such relief would in any way impair or restrict the rights and remedies of the DIP Agent or the

DIP Lenders as set forth in this Interim DIP Order or the other DIP Loan Documents, other than

to contest whether an Event of Default has occurred or is continuing.

22.    **363 Sales.**  No sale of any DIP Collateral under Section 363 of the Bankruptcy

Code, outside of the ordinary course of business, will be authorized without the DIP Agent's and

the requisite DIP Lenders' consent.  Nothing herein will affect the right of the DIP Agent, the

DIP Lenders, the Prepetition First Lien Agent, or the Prepetition First Lien Lenders to give, or

withhold, its consent to any proposed sale or other disposition.

23.    **Reservation of Rights.**  The terms, conditions, and provisions of this Interim DIP

Order are in addition to and without prejudice to the rights of the DIP Agent and the DIP

Secured Parties to pursue any and all rights and remedies under the Bankruptcy Code, the DIP

Loan Documents, or any other applicable agreement or law, including, without limitation, rights

to (a) seek relief from the automatic stay, (b) seek an injunction, (c) oppose any future request

*Approved by Judge Gloria M. Burns September  04, 2014*

| | |
|---|---|
| Debtor: | AES Eastern, Inc. et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

for use of Cash Collateral or for the granting of any interest in the DIP Collateral, or of priority in favor of any other party, (d) object to any sale of assets, or (e) object to applications for allowance or payment of compensation of professionals or other parties seeking compensation or reimbursement from the Debtors' estates.

24.    **Headings.**  Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim DIP Order.

25.    **Other Rights and Obligations.**

(a)    **Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Interim DIP Order.**  Based on the findings set forth in this Interim DIP Order and in accordance with Section 364(e) of the Bankruptcy Code, which is applicable to the DIP Facility as approved by this Interim DIP Order, in the event any or all of the provisions of this Interim DIP Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, the DIP Secured Parties are entitled to the protections provided in Section 364(e) of the Bankruptcy Code, and no such appeal, modification, amendment or vacation shall affect (a) the validity of any obligation, indebtedness, or liability incurred hereunder by the DIP Borrower or any of the other DIP Loan Parties to the DIP Agent or the DIP Lenders, (b) the payment of any fees required under this Interim DIP

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

Order or the other DIP Loan Documents, or (c) the validity and enforceability of any lien, claim,

obligation, or priority authorized or created under this Interim DIP Order or pursuant to the other

DIP Loan Documents.  Notwithstanding any such modification, amendment or vacation, any

claim granted to the DIP Secured Parties hereunder arising prior to the effective date of such

modification, amendment or vacation of any DIP Liens or of the DIP Superpriority Claim

granted to or for the benefit of the DIP Secured Parties shall be governed in all respects by the

original provisions of this Interim DIP Order, and the DIP Secured Parties shall be entitled to all

of the rights, remedies, privileges and benefits, including the DIP Liens and the DIP

Superpriority Claim granted herein, with respect to any such claim.  Because the DIP Extensions

of Credit are made in reliance on this Interim DIP Order, the DIP Obligations incurred by the

Debtors or owed the DIP Secured Parties prior to the effective date of any stay, modification or

vacation of this Interim DIP Order shall not, as a result of any subsequent order in the Cases or

in any Successor Cases, be subordinated, lose their lien priority or superpriority administrative

expense claim status, or be deprived of the benefit of the status of the liens and claims granted to

the DIP Secured Parties under this Interim DIP Order.

      (b)    **Expenses.**  All fees paid and payable, and costs and expenses reimbursed

or reimbursable by the DIP Borrower and the other DIP Loan Parties to the DIP Agent and the

(Page 67)

Case 14-22654-GMB    Doc 585    Filed 09/04/14    Entered 09/04/14 13:47:00    Desc Main
Case No.:           14-22654 (GMB) Document      Page 68 of 81
Caption of Order:   THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                    361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                    RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                    PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                    POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                    AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                    USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                    PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                    PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                    SCHEDULING FINAL HEARING

DIP Secured Parties under the DIP Loan Documents, to the extent set forth in the DIP Loan Documents, including all out-of-pocket expenses, costs and fees incurred by the DIP Secured Parties, including, but not limited to, the fees, disbursements and other charges of counsel and financial advisors, in connection with (i) the preparation, execution, delivery, funding and administration of the DIP Loan Documents and any amendments or waivers with respect thereto, (including, without limitation, all due diligence fees and expenses incurred or sustained in connection with the DIP Loan Documents), (ii) the Cases or any Successor Cases, or (iii) enforcement of any rights or remedies under the DIP Loan Documents, in each case whether or not the transactions contemplated hereby are fully consummated, are hereby approved. The Loan Parties shall promptly pay all such fees, costs, and expenses payable under the DIP Loan Documents in accordance with the DIP Loan Documents, without the necessity of any further application with the Court for approval or payment of such fees, costs, or expenses. Professionals for the DIP Agent and DIP Secured Parties shall not be required to file fee applications or comply with the U.S. Trustee's fee guidelines.

(c)    **Binding Effect.**  The provisions of this Interim DIP Order shall be binding upon and inure to the benefit of the DIP Secured Parties and the Prepetition Secured Parties, the Debtors, and their respective successors and assigns (including any trustee or other fiduciary

*Approved by Judge Gloria M. Burns September  04, 2014*

Case No.: 14-22654 (GMB)

Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

hereafter appointed or elected as a legal representative of the Debtors, or with respect to the

property of any of the Debtors' estates, whether in the Cases, in any Successor Case, or upon

dismissal of any such Case or Successor Case; provided, however, that the DIP Secured Parties

shall have no obligation to extend any financing to, or permit the use of Cash Collateral or DIP

Collateral by, any Chapter 7 or Chapter 11 trustee or similar representative person appointed for

any of the Debtors' estates.

(d)     **No Third Party Rights.**   Except as explicitly provided for herein, this

Interim DIP Order does not create any rights for the benefit of any third party, creditor, equity

holder or any direct, indirect, third party or incidental beneficiary.

(e)     **Intercreditor Matters.**   Nothing in this Interim DIP Order shall be

construed to impair or otherwise affect any intercreditor, subordination or similar agreement or

arrangement between and among the Prepetition First Lien Secured Parties, or between and

among the Prepetition First Lien Secured Parties, on the one hand, and the Prepetition Second

Lien Secured Parties on the other, including, without limitation, the Intercreditor Agreement and

any intercreditor provisions in the Prepetition First Lien Credit Agreement, which, in each case,

are enforceable to the fullest extent provided by Section 510(a) of the Bankruptcy Code and

applicable law.

*Approved by Judge Gloria M. Burns September 04, 2014*

Debtor:          RCA ASC Inc., et al.
Case No.:        14-22654 (GMB)
Caption of Order: THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                 RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                 PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                 POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                 AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                 USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                 PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                 PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                 SCHEDULING FINAL HEARING

(f)     **No Marshaling.**  Neither the DIP Secured Parties nor the Prepetition First
Lien Secured Parties shall be subject to the equitable doctrine of "marshaling" or any other
similar doctrine with respect to any of the DIP Collateral or the Prepetition Collateral, as
applicable.

(g)     **Section 552(b).**  Subject to the entry of a Final DIP Order, the DIP
Secured Parties and the Prepetition Secured Parties shall be entitled to all of the rights and
benefits of Section 552(b) of the Bankruptcy Code and the "equities of the case" exception under
Section 552(b) of the Bankruptcy Code shall not apply to the DIP Secured Parties with respect to
proceeds, product, offspring or profits of any of the Prepetition Collateral or the DIP Collateral.

(h)     **Amendment.**  The Debtors and the DIP Agent (with the consent of the
requisite DIP Secured Parties as provided in and consistent with their respective rights under the
DIP Loan Documents) may amend, modify, supplement or waive any provision of the DIP Loan
Documents without further notice to or approval of the Court.  Except as otherwise provided
herein, no waiver, modification, or amendment of any of the provisions hereof shall be effective
unless set forth in writing, signed by, or on behalf of, all the Debtors and the DIP Agent (after
having obtained the approval of the requisite DIP Secured Parties as provided in the DIP Loan
Documents) and approved by the Court after notice to parties in interest.

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtor:  RCS, Inc., et al.
Case No.:  14-22654 (GMB)
Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING

(i)  **Priority of Terms**.  In the event of any inconsistency or conflict between any of the terms and provisions of this Interim DIP Order and the other DIP Loan Documents, the terms and provisions of this Interim DIP Order shall govern.

(j)  **Survival of Interim DIP Order.**  The provisions of this Interim DIP Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (i) confirming any Chapter 11 plan in the Cases, (ii) converting any of the Cases to a case under Chapter 7 of the Bankruptcy Code, (iii) to the extent authorized by applicable law, dismissing any of the Cases, (iv) withdrawing of the reference of any of the Cases from this Court or (v) providing for abstention from handling or retaining of jurisdiction of any of the Cases in this Court.  The terms and provisions of this Interim DIP Order, including the DIP Liens and DIP Superpriority Claim granted pursuant to this Interim DIP Order, and any protections granted to or for the benefit of the Prepetition Secured Parties (including the Adequate Protection Liens and the Adequate Protection Superpriority Claims), shall continue in full force and effect notwithstanding the entry of such order, and such DIP Liens and DIP Superpriority Claim and protections for the Prepetition Secured Parties (including the Adequate Protection Liens and the Adequate Protection Superpriority Claims) shall maintain their priority as provided by this Interim DIP Order, the other DIP Loan Documents and the Prepetition Financing Documents (as

NEWYORK 9321297 (2K)

Debtor:            RCS Capital, Inc.
Case No.:          14-22654 (GMB)
Caption of Order:  THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
                   361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
                   RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
                   PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
                   POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
                   AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
                   USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
                   PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
                   PRESCRIBING FORM AND MANNER OF NOTICE OF AND
                   SCHEDULING FINAL HEARING

the case may be), including any intercreditor arrangement or agreements in respect thereof, until

all of the DIP Obligations have been paid and satisfied in full and discharged.

     (k)    **Enforceability.**  This Interim DIP Order shall constitute findings of fact

and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully

enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.

     (l)    **Waiver of any Applicable Stay.**  Any applicable stay (including, without

limitation, under Interim Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this

Interim DIP Order.

    26.    **Limited Amendment of DIP Credit Agreement; Committee's Reservation of**

**Rights**.  The DIP Credit Agreement shall be deemed amended as, and to the extent, set forth on

Annex I hereto, solely to conform to the modifications to (x) the date of the Final Hearing and

(y) the amount of availability under the DIP Facility during the Interim Period, set forth in this

Interim DIP Order.  The parties' agreement to the continuation of the Interim DIP Order entered

June 20, 2014 [Docket No. 49], as amended by the Interim DIP Order entered July 30, 2014

[Docket No. 352], the second amended Interim DIP Order entered August 21, 2014 [Docket No.

515], and this third amended Interim DIP Order (collectively, the "Interim Orders"), with the

next hearing on continuation of this Interim DIP Order scheduled for September 15, 2014, at

*Approved by Judge Gloria M. Burns September 04, 2014*

| | |
|---|---|
| Case No.: | 14-22654 (Document Page 73 of 81 |
| Caption of Order: | THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III) USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, AND (B) PRESCRIBING FORM AND MANNER OF NOTICE OF AND SCHEDULING FINAL HEARING |

10:00 a.m. (EST), and adjournment of the Final Hearing until September 29, 2014, at 10:00 a.m. (EST) shall not constitute an agreement by the Committee as to any of the terms of the DIP Credit Agreement, the DIP Loan Documents, or the Interim Orders, nor a waiver of any of the Committee's objections, rights and arguments as to any provision of the foregoing, all of which are specifically preserved until the Final Hearing and upon the occurrence of an Event of Default.

27.    For the avoidance of doubt, the Committee's agreement to the continuation of the Interim Orders shall have no legal significance or impact relative to the Committee's rights to object to any provision of the DIP Loan Documents, the Interim Orders or any proposed Final DIP Order, which rights shall be deemed to exist as of the entry of the Interim Order on June 20, 2014. Further, notwithstanding any "cage cash" being transferred to a concentration or other account, the Committee's right to argue that such cash was not subject a valid and non-avoidable lien as of the Petition Date (i.e., that the transfer of the cash does not constitute or affect perfection to the extent perfection did not previously exist), and the DIP Secured Parties' and Prepetition Secured Parties' rights to oppose any such argument, are in each case fully preserved.

28.    **Interim/Final Hearings.**

*Approved by Judge Gloria M. Burns September  04, 2014*

Debtors: A&P Inc., et al.

14-22654 (GMB)

THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

(a) The next hearing on interim approval to consider continuation of the
Interim DIP Order is scheduled for September 15, 2014, at 10:00 a.m. (EST) at the United States
Bankruptcy Court for the District of New Jersey and the Final Hearing to consider entry of the
Final DIP Order and final approval of the DIP Facility is scheduled for September 29, 2014, at
10:00 a.m. (EST) at the United States Bankruptcy Court for the District of New Jersey. If no
objections to the relief sought at the Final Hearing are filed and served in accordance with this
Interim DIP Order, no Final Hearing may be held, and a Final DIP Order may be presented by
the Debtors and entered by this Court.

(b) On or before June 25, 2014 the Debtors shall serve, by United States mail,
first-class postage prepaid, notice of the entry of this Interim DIP Order and of the Final Hearing
(the "Final Hearing Notice"), together with copies of this Interim DIP Order and the Motion, on
the Notice Parties and to any other party that has filed a request for notices with this Court prior
thereto and to any Committee after the same has been appointed, or Committee counsel, if the
same shall have been appointed. The Final Hearing Notice shall state that any party in interest
objecting to the entry of the proposed Final DIP Order shall file written objections with the Clerk
of the Court no later than September 25, 2014 at 4:30 pm (EST), which objections shall be
served so that the same are received on or before such date by: (a) counsel for the Debtors; (b)

Approved by Judge Gloria M. Burns September 04, 2014

Caption of Order:    THIRD AMENDED INTERIM ORDER PURSUANT TO SECTIONS
361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (A) AUTHORIZING THE DEBTORS TO (I) OBTAIN
POSTPETITION FINANCING, (II) GRANT SENIOR PRIMING LIENS
AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDERS, (III)
USE CASH COLLATERAL, AND (IV) PROVIDE ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, AND (B)
PRESCRIBING FORM AND MANNER OF NOTICE OF AND
SCHEDULING FINAL HEARING

counsel for the DIP Agent; (c) counsel for the Prepetition First Lien Agent; (d) counsel for the

Prepetition Second Lien Agent; (e) counsel to any Committee; and (f) the U.S. Trustee.

(c)    **Retention of Jurisdiction.**  The Court has and will retain jurisdiction to

enforce this Interim DIP Order according to its terms.

NEWYORK 9321297 (2K)

*Approved by Judge Gloria M. Burns September  04, 2014*

## Limited Amendments to DIP Credit Agreement

1. The definition of "Interim Availability Amount" in Section 1.01 of the DIP Credit Agreement is amended by (x) replacing the reference to "$23,500,000" therein with "$25,000,000" and (y) replacing the reference to "$21,600,000" therein with "$23,100,000."

2. Sections (x) 1.01, in clause (b) of the definition of "Scheduled Maturity Date", (y) 4.02(a)(ii), and (z) 5.18(a) are, in each case, amended by replacing the references to "July 31, 2014" therein with "September 15, 2014."

3. Section 2.01(a) of the DIP Credit Agreement is amended by replacing the reference to "$21,600,000" in the last sentence therein with "$23,100,000."

4. Schedule 8.01 to the DIP Credit Agreement is amended by replacing each of the following with "September 15, 2014":

   a. the reference in clause (c) to "2 days following the Bid Deadline";

   b. the reference in clause (e) to "5 days following the Bid Deadline";

   c. the reference in clause (f) to "60 days following the Filing Date"; and

   d. the reference in clause (g) to "65 days following the Filing Date."

*Approved by Judge Gloria M. Burns September  04, 2014*

1       The Debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI, LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

2       Terms used but not otherwise defined herein shall have the meanings given to them in the DIP Credit Agreement.

*Approved by Judge Gloria M. Burns September  04, 2014*

EXHIBIT A
[DIP BUDGET]

*Approved by Judge Gloria M. Burns September  04, 2014*

**REVEL AC, INC., ET AL.**
Weekly Cash-Flow Projection, Debtor-in Possession Financing

*All figures in thousands of U.S. dollars*

| Week Number | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | Accrued and unpaid | 13 Weeks Ended 11/9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Ending Date | 8/17 | 8/24 | 8/31 | 9/7 | 9/14 | 9/21 | 9/28 | 10/5 | 10/12 | 10/19 | 10/26 | 11/2 | 11/9 | | |
| **Collections** | | | | | | | | | | | | | | | |
| Net gaming revenue | 2,959 | 2,492 | 1,726 | 926 | 630 | 630 | 630 | - | - | - | - | - | - | - | 9,993 |
| Net non-gaming revenue | 1,592 | 1,512 | 1,331 | 553 | - | - | - | - | - | - | - | - | - | - | 4,988 |
| Return of purchased currency | 3,800 | 4,000 | 4,000 | 4,500 | - | - | - | - | - | - | - | - | - | - | 16,300 |
| **Total Collections** | 8,351 | 8,003 | 7,057 | 5,979 | 630 | 630 | 630 | - | - | - | - | - | - | - | 31,281 |
| **Operating Disbursements** | | | | | | | | | | | | | | | |
| Payroll, payroll taxes and benefits | 3,102 | 397 | 2,945 | 227 | 3,454 | 178 | 766 | 50 | 266 | 47 | 219 | 47 | 219 | 1,154 | 13,068 |
| Food and beverage | 231 | 155 | 182 | 214 | 214 | 183 | 184 | - | - | - | - | - | - | 1,383 | 1,364 |
| Supplies and services | 141 | 317 | 462 | 332 | 334 | 44 | 44 | 44 | 44 | 31 | 31 | 31 | 31 | 125 | 3,266 |
| Utilities [1] | 358 | 60 | 361 | 361 | 361 | 63 | 63 | 105 | 361 | 63 | 63 | 251 | 361 | 217 | 2,952 |
| Equipment leases | 121 | 109 | 109 | 1,318 | - | - | 54 | - | - | - | - | - | - | | 1,928 |
| Advertising, marketing and entertainment | 317 | 310 | 300 | 466 | 172 | - | - | - | - | - | - | - | - | | 1,566 |
| Insurances | 54 | 90 | 2,048 | 488 | - | - | 562 | - | - | - | 562 | - | - | (1,303) | 2,500 |
| Taxes and fees | 142 | 1,215 | 720 | 300 | - | 1,026 | - | - | - | - | 34 | - | - | | 3,438 |
| Currency purchases | 3,800 | 4,000 | 4,500 | - | - | - | - | - | - | - | - | - | - | (331) | 12,300 |
| Vendor deposits | - | - | - | - | - | - | - | - | - | - | - | - | - | (331) | (331) |
| Critical-vendor payments and 503(b)(9) claims | - | - | - | - | - | - | - | - | - | - | - | - | - | 359 | 359 |
| All other operating disbursements | 2 | 16 | 69 | 168 | 38 | 53 | 29 | 154 | 29 | 24 | 42 | 149 | 24 | 295 | 1,091 |
| **Total Operating Disbursements** | 8,269 | 6,668 | 11,696 | 3,874 | 4,572 | 1,546 | 1,701 | 353 | 699 | 164 | 950 | 477 | 634 | 1,898 | 43,500 |
| **OPERATING CASH FLOW** | $ 82 | $ 1,336 | $ (4,639) | $ 2,105 | $ (3,942) | $ (916) | $ (1,071) | $ (353) | $ (699) | $ (164) | $ (950) | $ (477) | $ (634) | $ (1,898) | $ (12,219) |
| Interest, pre-petition debt | - | 108 | - | - | - | - | - | - | - | - | - | - | - | | 108 |
| All other (sources) / uses [2] | - | - | - | (4,498) | - | - | - | - | - | - | - | - | - | | (4,498) |
| **Bankruptcy-related disbursements** | | | | | | | | | | | | | | | |
| DIP loan interest | - | 67 | - | 165 | - | - | - | 314 | - | - | 587 | - | 175 | 1,308 |
| DIP loan fees | - | - | - | 19 | - | 690 | - | 29 | - | - | 24 | - | - | 4 | 767 |
| Professional fees, restructuring [3] | 286 | 214 | 948 | 609 | 573 | 459 | 1,530 | 142 | 1,687 | 892 | 184 | 188 | 1,433 | 1,798 | 10,943 |
| **Total Debt and Bankruptcy Disbursements** | 286 | 389 | 948 | (3,704) | 573 | 1,149 | 1,530 | 485 | 1,687 | 892 | 184 | 799 | 1,433 | 1,978 | 8,628 |
| **Total disbursements** | 8,556 | 7,057 | 12,644 | 170 | 5,145 | 2,695 | 3,231 | 838 | 2,386 | 1,056 | 1,134 | 1,276 | 2,066 | 3,876 | 52,128 |
| **NET CASH FLOW** | $ (204) | $ 946 | $ (5,587) | $ 5,809 | $ (4,515) | $ (2,065) | $ (2,601) | $ (838) | $ (2,386) | $ (1,056) | $ (1,134) | $ (1,276) | $ (2,066) | $ (3,876) | $ (20,848) |
| *Ending balance, NM Loans* | 9,714 | 9,714 | 9,714 | 9,714 | 9,714 | 11,778 | 14,379 | 15,217 | 14,920 | 15,976 | 17,109 | 18,385 | 20,452 | 24,328 | 24,328 |
| **ENDING OPERATING CASH BALANCE** | $ 7,029 | $ 7,975 | $ 2,388 | $ 8,198 | $ 3,683 | $ 3,683 | $ 3,683 | $ 3,683 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |

1. Assumes agreed monthly payments to ACR, less monthly usage credits
2. Represents absorption of cage cash, partially offset by disbursement of customer deposits, upon shutdown
3. Transaction fee of $2.0MM to Moelis & Co. is expected to be paid out of proceeds of a sale as opposed to being funded by the DIP loan.

| Availability | Interim | Interim | Interim | Interim | Interim | Interim | Final | Final | Final | Final | Final | Final | Final | Final | Final |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NM commitment, revised | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 31,900 | 31,900 | 31,900 | 31,900 | 31,900 | 31,900 | 31,900 | | 31,900 |
| Subtract: Ending balance, NM loans | (9,714) | (9,714) | (9,714) | (9,714) | (9,714) | (11,778) | (14,379) | (15,217) | (14,920) | (15,976) | (17,109) | (18,385) | (20,452) | (24,328) | (24,328) |
| Subtract: Letter of credit | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) | (1,900) |
| Subtract: Minimum liquidity reserve | - | - | - | - | - | - | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) | - |
| Subtract: Professional-fee reserve | (4,641) | (4,848) | (5,211) | (5,168) | (5,078) | (5,028) | (4,027) | (4,158) | (3,159) | (2,529) | (2,735) | (3,019) | (2,042) | 0 | - |
| **AVAILABILITY, NM LINE OF CREDIT** | $ 8,745 | $ 8,538 | $ 8,175 | $ 8,218 | $ 8,308 | $ 6,293 | $ 6,594 | $ 5,625 | $ 6,921 | $ 6,495 | $ 5,156 | $ 3,596 | $ 2,506 | $ 672 | $ 672 |

*Approved by Judge Gloria M. Burns September 04, 2014*

EXHIBIT B
[REVISED SCHEDULE 2.01(b) TO THE DIP CREDIT AGREEMENT]

*Approved by Judge Gloria M. Burns September  04, 2014*

**REVEL AC, INC., ET AL**
Calculation of Debtor and Unsecured Creditors' Committee professional balances

| | Actual 6/29 | Actual 7/6 | Actual 7/13 | Actual 7/20 | Actual 7/27 | Actual 8/3 | Actual 8/10 | 8/17 | 2 – 8/24 | 8/31 | 9/7 | 9/14 | 6 – 9/21 | 7 – 9/28 | 8 – 10/5 | 10/12 | 10 – 10/19 | 11 – 10/26 | 12 – 11/2 | 13 – 11/9 | Accrued and unpaid | TOTAL 6/29 to 11/9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning balance** | - | 742 | 1,493 | 2,149 | 2,785 | 3,143 | 3,621 | 4,254 | 4,641 | 4,848 | 5,211 | 5,168 | 5,078 | 5,028 | 4,027 | 4,158 | 3,159 | 2,529 | 2,735 | 3,019 | 2,042 | - |
| **Add: Accruals for Debtor professionals** | | | | | | | | | | | | | | | | | | | | | | |
| Debtor lead counsel | 500 | 356 | 356 | 356 | 356 | 253 | 253 | 253 | 253 | 253 | 253 | 253 | 253 | 253 | 127 | 127 | 127 | 127 | 127 | 127 | - | 4,963 |
| Debtor local counsel | 93 | 93 | 93 | 93 | 93 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 35 | 35 | 35 | 35 | 35 | 35 | - | 1,140 |
| Financial advisor | 79 | 55 | 63 | 61 | 57 | 59 | 77 | 70 | 56 | 64 | 64 | 59 | 59 | 54 | 54 | 54 | 54 | 55 | 155 | - | - | 1,204 |
| Investment banker | - | 156 | - | - | - | - | 150 | 5 | - | - | 150 | - | 5 | - | 150 | 5 | - | 155 | - | - | - | 776 |
| Claims agent | 45 | 25 | 25 | 25 | 25 | 25 | 22 | 22 | 22 | 22 | 22 | 17 | 17 | 17 | 17 | 17 | 17 | 15 | 15 | 15 | - | 429 |
| All other debtor professionals | 25 | - | - | - | - | 19 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 44 |
| Subtotal accruals for Debtor professionals | 742 | 685 | 537 | 536 | 532 | 406 | 552 | 400 | 381 | 389 | 539 | 379 | 384 | 374 | 248 | 383 | 238 | 234 | 387 | 232 | - | 8,556 |
| **Add: Accruals for Unsecured Creditors' Committee professionals** | | | | | | | | | | | | | | | | | | | | | | |
| Unsecured Creditors' Committee lead counsel | - | 65 | 115 | 70 | 55 | 100 | 90 | 90 | 30 | 30 | 27 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | - | 897 |
| Unsecured Creditors' Committee local counsel | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Unsecured Creditors' Committee financial advisor | - | - | 30 | 30 | 30 | 30 | 50 | 20 | 10 | - | - | - | - | - | - | - | - | - | - | - | - | 200 |
| All other Unsecured Creditors' Committee professionals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal accruals for Unsecured Creditors' Committee professionals | - | 65 | 145 | 100 | 85 | 130 | 140 | 110 | 40 | 30 | 27 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | - | 1,097 |
| **Total accruals** | 742 | 750 | 682 | 636 | 617 | 536 | 692 | 510 | 421 | 419 | 566 | 404 | 409 | 399 | 273 | 408 | 263 | 259 | 412 | 257 | - | 9,653 |
| **Subtract: Payments to Debtor professionals** | | | | | | | | | | | | | | | | | | | | | | |
| Debtor lead counsel | - | - | - | - | - | - | - | - | - | - | - | (400) | (1,341) | - | (812) | (630) | - | - | (812) | - | (718) | (4,713) |
| Debtor local counsel | - | - | - | - | - | - | - | - | - | - | (415) | - | - | - | (160) | (140) | - | (160) | - | - | 5 | (1,144) |
| Financial advisor | - | - | (258) | (57) | (59) | - | (77) | (70) | (56) | (64) | (64) | (59) | (59) | (54) | (54) | (60) | (54) | (55) | - | (125) | (340) | (776) |
| Investment banker | - | - | - | - | - | (45) | - | (126) | - | (125) | - | - | (88) | - | (125) | - | (8) | - | (73) | - | (88) | (419) |
| Claims agent | - | - | - | - | - | - | (19) | - | - | (15) | - | - | - | - | - | - | - | - | - | - | 23 | (44) |
| All other debtor professionals | - | - | (25) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (1,283) | |
| Subtotal payments to Debtor professionals | - | (25) | - | (258) | (57) | (59) | (122) | (214) | (56) | (189) | (494) | (459) | (1,400) | (142) | (1,151) | (892) | (54) | (128) | (1,152) | | (1,283) | (8,136) |
| **Subtract: Payments to Unsecured Creditors' Committee professionals** | | | | | | | | | | | | | | | | | | | | | | |
| Unsecured Creditors' Committee lead counsel | - | - | - | - | - | - | - | - | - | - | (324) | - | - | - | (192) | - | - | - | - | (82) | (299) | (897) |
| Unsecured Creditors' Committee local counsel | - | - | - | - | - | - | - | - | - | - | - | (96) | - | - | - | (64) | - | - | - | - | (40) | (200) |
| Unsecured Creditors' Committee financial advisor | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| All other Unsecured Creditors' Committee professionals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal payments to Unsecured Creditors' Committee professionals | - | - | - | - | - | - | - | - | - | - | (420) | - | - | - | (256) | - | - | - | - | (82) | (339) | (1,097) |
| **Subtract: Retainers applied to Debtor-professional accruals** | | | | | | | | | | | | | | | | | | | | | | |
| Debtor lead counsel | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (250) | (250) |
| Debtor local counsel | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (100) | (100) |
| Financial advisor | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (60) | (60) |
| Investment banker | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Claims agent | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (10) | (10) |
| All other debtor professionals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Subtotal retainers applied to Debtor-professional accruals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (420) | (420) |
| **Total payments** | - | - | (25) | - | (258) | (57) | (59) | (122) | (214) | (56) | (609) | (494) | (459) | (1,400) | (142) | (1,407) | (892) | (54) | (128) | (1,234) | (2,042) | (9,653) |
| **ENDING BALANCE** | 742 | 1,493 | 2,149 | 2,785 | 3,143 | 3,621 | 4,254 | 4,641 | 4,848 | 5,211 | 5,168 | 5,078 | 5,028 | 4,027 | 4,158 | 3,159 | 2,529 | 2,735 | 3,019 | 2,042 | (0) | 0 |

*Approved by Judge Gloria M. Burns September  04, 2014*